Paul M. Levine, Esq. (007202)
Matthew Silverman, Esq. (018919)
**McCARTHY ♦ HOLTHUS ♦ LEVINE**
3636 North Central Avenue, Suite 1050
Phoenix, Arizona 85012
Telephone: (602) 230-8726
plevine@mhlevine.com
*Attorneys for Defendants Midfirst/Midland*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARTHA RODRIGUEZ, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORP., a California corporation; MIDFIRST BANK, a nationally chartered bank and their subsidiary MIDLAND MORTGAGE COMPANY, an Oklahoma corporation; WELLS FARGO BANK, N.A., a national Banking association; TRES AMIGOS PROPERTIES LLC, an Arizona limited liability company; JOHN DOES I-X; JANE DOES I-X; ABC CORPORATIONS I-X; XYZ PARTNERSHIPS I-X,<br><br>Defendants. | Case No.: CV-09-01853-PHX-MHB<br><br>**DEFENDANTS MIDFIRST BANK AND MIDLAND MORTGAGE COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>(Assigned to the Honorable Michelle H. Burns)<br><br>**(ORAL ARGUMENT REQUESTED)** |

Defendants, Midfirst Bank ("Midfirst") and Midland Mortgage Company ("Midland"), by and through their counsel undersigned, pursuant to Rules 12 and 56, Federal Rules of Civil Procedure, move to dismiss or, in the alternative, for Summary Judgment on all counts of the Plaintiff's Complaint against Defendants Midfirst and Midland. Counts One and Two of the Complaint, denominated "Lack of Standing by Midland" and "Breach of Contract by Midland" are not recognized claims or have no

1

merit. Further, as a matter of law, neither Midfirst nor Midland owe a fiduciary duty to the Plaintiff. With regard to Count Four, Breach of Duty of Good Faith and Fair Dealing by Midland, Plaintiff has not alleged any facts to support the claim. Accordingly, Midfirst and Midland are entitled to dismissal or summary judgment on Counts 1, 2, 3, 4 and 5 of the Plaintiff's Complaint. In addition, because the claims arise out of an alleged contract, Midfirst and Midland are entitled to an award of their attorney's fees, pursuant to A.R.S. § 12-341.01.

This Motion is supported by the attached Memorandum of Points and Authorities and Defendants' Separate Statement of Facts filed this same date.

**RESPECTFULLY SUBMITTED** this ____ day of October, 2009.

### McCARTHY ♦ HOLTHUS ♦ LEVINE

By:/s/ Paul M. Levine
Paul M. Levine
Matthew A. Silverman
3636 North Central Avenue, Suite 1050
Phoenix, Arizona 85012
Attorneys for Defendants Midfirst/Midland

### MEMORANDUM OF POINTS AND AUTHORITIES

I.  **BACKGROUND INFORMATION.**

The Plaintiff was the owner of the property located at 4210 W. Corrine Drive in Phoenix, Arizona, also known as Lot 171, Tamarron I in Maricopa County, Arizona (the "Property"). Previously, on or about August 19, 1987, Janet Lee Nilsen signed a Promissory Note ("Note") in the original principal sum of $75,618.00. The Note was secured by a Deed of Trust against the Property, recorded on August 24, 1987 in Maricopa County, Arizona at Recorder's No. 87-531235. After Plaintiff acquired the Property, the Note was in default and, on or about February 25, 2009, Quality

Loan Service Corporation ("Quality"), as the Trustee pursuant to the Deed of Trust, noticed a trustee's sale of the Property, scheduling a trustee's sale for June 2, 2009. At the time of the trustee's sale, Midfirst was the current beneficiary pursuant to the Deed of Trust.

On June 30, 2009, the Property sold at Trustee's Sale for $67,700.00. David Bilfeld was the successful third party purchaser at the trustee's sale, but is not a party to this case.

Plaintiff has alleged that she "was notified by Midland that mortgage payments were in arrears and Plaintiff's loan was in default status [and she] contacted Wells Fargo Bank for the purpose of securing a 'reverse mortgage' in which some of the funds from the reverse mortgage would be paid directly to Midland to cure the default." (Complaint, ¶¶ 12, 14.)

Plaintiff's claims against Midfirst and Midland are: (i) Lack of Standing by Midland (Count 1), (ii) Breach of Contract by Midland (Count 2), (iii) Breach of Fiduciary Duty by Midland (Count 3), (iv) Breach of Duty of Good Faith and Fair Dealing by Midland (Count 4) and (v) Respondeat Superior against Midfirst (Count 5). As will be discussed below, none of these claims have merit and Midfirst and Midland are entitled to dismissal and/or summary judgment on all of these claims.

## II. PLAINTIFF HAS FAILED TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendants are entitled to dismissal of all Counts of the Plaintiff's Complaint. As discussed in more detail below, the Plaintiff has failed to state any claims upon which relief can be granted.

## III. COUNT ONE: MIDFIRST HAD STANDING TO CONDUCT THE TRUSTEE'S SALE.

As set forth above, Midfirst was the current holder of the Note and beneficiary pursuant to the Deed of Trust at the time of the trustee's sale. At no time was there ever a claim that Midland (as opposed to Midfirst) was the holder of the Note or beneficiary pursuant to the Deed of Trust. Even

though denominated "Lack of Standing by Midland", the substance of Count One is that "David Bilfeld as purported purchaser cannot be a bona-fide purchaser under the trustee sale." (Complaint, ¶ 19.) However, Plaintiff has not named Mr. Bilfeld as a defendant. Therefore, there is no issue of whether Mr. Bilfeld is a bona fide purchaser, and Plaintiff's claim must fail. Plaintiff has failed to name a necessary party and Defendants are entitled to be dismissed pursuant to Rule 12(b)(7), Federal Rules of Civil Procedure.

Further, there is no cognizable claim for "Lack of Standing". Standing is a question of law. Standing raises questions of prudential or judicial restraint and is generally designed to help the Court avoid issuing advisory opinions, guards against mootness and insures the full development of the issues. "A party has standing to sue in Arizona if, under all circumstances, the party possesses an interest in the outcome of the litigation." *Strawberry Water Co. v. Paulsen*, 220 Ariz. 401, 207 P.3d 654, 659 (App. 2008). Standing generally requires an injury in fact, economic or otherwise, caused by the complained-of conduct, and resulting in a distinct and palpable injury giving the plaintiff a personal stake in the controversies outcome. *Id.*, p. 659. The issue of standing is a concept related to a party who makes a claim in the litigation. It is not an affirmative claim for relief. Under the Federal Rule, standing requires that a plaintiff allege a personal stake in the outcome of the controversy. *Baker v. U.S.* 722 F.2d 517 (9th Cir. 1983). Also, Count 1 does not assert any prayer for relief or claim against Midfirst or Midland. (See Plaintiff's prayer for relief, Complaint, p. 6.)

Finally, pursuant to A.R.S. § 33-811, a trustee's deed constitutes conclusive evidence of the meeting of the requirements of the Deed of Trust and A.R.S. §§ 33-801 et seq. "in favor of purchasers or encumbrances for value and without actual notice." A.R.S. § 33-811(B). Therefore, Mr. Bilfeld is a good faith purchaser for value.

### IV.  COUNT TWO: PLAINTIFF HAS FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT AGAINST MIDLAND.

Under Count 2, Plaintiff has alleged that she is seeking relief pursuant to A.R.S. § 12-1831, i.e., Arizona's Uniform Declaratory Judgments Act. Plaintiff has alleged that she is seeking a "judgment declaring the trustee's sale void, declaring that David Bilfeld is not a bona fide purchaser and that Plaintiff is the lawful owner of the Property." (Complaint, p. 6.) As discussed above, neither Midfirst nor Midland is a necessary party to any such action, since it is not claiming an interest in the Property, Mr. Bilfeld is not a party to this action and the trustee's deed is conclusive evidence that the statutory requirements of the trustee's sale statutes have been satisfied with respect to third party purchasers. Also, Count 2 does not assert any prayer for relief or claim against Midfirst or Midland. (See Plaintiff's prayer for relief, Complaint, p. 6.)

### V.  COUNT THREE: NEITHER MIDFIRST NOR MIDLAND OWE A FIDUCIARY DUTY TO PLAINTIFF.

Count 3 of the Plaintiff's Complaint alleges that Midland "owed a fiduciary duty to Plaintiff as her mortgage company." (Complaint, ¶ 23.) However, a mortgage company does not owe a fiduciary duty to a borrower.

In order to establish a fiduciary relationship between parties, there must be a confidential relationship, i.e. a relationship which arises by reason of kinship between the parties, or professional, business, or social relations that would reasonably lead an ordinarily prudent person in the management of his business affairs to repose that degree of confidence in another which largely results in the substitution of that others will for his in the material matters involved in the transaction. *In re Guardianship of Chandos*, 18 Ariz. App. 583 (1972). In *Herz & Louis, Inc. v. Union Bank*, 22 Ariz. App. 437, 528 P.2d 188 (1974), the Court held that merely because a party had business relations with the bank, it did not give rise to a fiduciary or confidential relationship.

5

Case law distinguishes a fiduciary relationship from an arms length relationship. "Mere trust in another's confidence or integrity does not suffice." *Standard Charter PLC v. Price Waterhouse*, 190 Ariz. 6 945 P.2d 317, 335 (App. 1996). A fiduciary relationship is a confidential relationship whose attributes include intimacy, disclosure of secrets or intrusting of power. "In a fiduciary relationship, the fiduciary holds 'superiority of position' over the beneficiary. This superiority of position may be demonstrated in material aspects of the transaction at issue by 'substitution of [the fiduciary's] will.'" *Id.*, p. 335. Finally, in *Standard Charter*, the Court held that "trust, confidence, and reliance, though necessary components, do not suffice to establish a fiduciary relationship." *Id.* p. 336.

In short, Plaintiff has not alleged any kind of a confidential relationship between herself and her mortgage company, nor has she alleged any facts which would establish the substitution of Midland's will for her own. Finally, even assuming, arguendo, a fiduciary duty exists, Plaintiff has failed to allege how Midland breached that fiduciary duty "by proceeding with a trustee's sale when Plaintiff had notified Midland that Plaintiff had secured financing to secure any defaults." (Complaint, ¶ 24.)

## VI. COUNT FOUR: PLAINTIFF HAS NOT ALLEGED ANY FACTS TO SUPPORT HER CLAIM FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING.

Plaintiff has alleged that Midland breached its duty of good faith and fair dealing. (Complaint, ¶ 28.) However, Plaintiff failed to allege how the duty, even assuming, arguendo, such a duty exists, was breached. Midland assumes that the contracts to which Plaintiff is referring are the Note and Deed of Trust. Plaintiff has failed to allege any conduct by Defendants that suggest that it breached the duty of good faith and fair dealing. In fact, the Deed of Trust and Arizona statutes specifically provide that in the event of default, the beneficiary may proceed with a trustee's sale. Plaintiff has conceded that she was notified by Midland that mortgage payments were in arrears and Plaintiff's loan was in default status. (Complaint, ¶ 12.) Therefore, merely exercising its rights pursuant to the Deed of Trust,

Midland was not engaging in any conduct with could give rise to a claim for breach of the duty of good faith and fair dealing.

### VII. MIDFIRST IS NOT LIABLE FOR ANY CONDUCT OF MIDLAND.

As discussed above, Midland has no liability for any of the claims asserted in Counts 1-4. The only basis for liability against Midfirst is that it is liable "as the principle of Midland." (Complaint, ¶ 29). Midfirst is a federally chartered savings association. While it is true Midland is a subsidiary of Midfirst, that status alone does not give rise to any vicarious liability or liability on the basis of a respondeat superior theory. Respondeat superior is theory of liability that holds an employer vicariously liable for the negligent or tortuous acts of its employee acting within the scope and course of employment. "Conduct falls within the scope if it is the kind the employee is employed to perform, it occurs within the authorized time and space limits, and furthers the employer's business even if the employer has expressly forbidden it." *Baker ex rel Paul Break Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.* 197 Ariz. 535, 5 P.3d 249, 254 (App. 2000). Here, there is no allegation of an employer/employee relationship. Instead, Midland is a subsidiary of Midfirst.

### VIII. CONCLUSION.

For all the foregoing reasons, Midland and Midfirst are entitled to dismissal of Counts 1-5 of the Plaintiff's Complaint. Further, since Plaintiff's claims arise out of an alleged contract, i.e. the Note and Deed of Trust, Midland and Midfirst are entitled to an award of their attorney's fees pursuant to A.R.S. § 12-341.01.

///

///

7

1

**RESPECTFULLY SUBMITTED** this 28 day of October, 2009.

**McCARTHY ♦ HOLTHUS ♦ LEVINE**

By: /s/ Paul M. Levine
   Paul M. Levine
   Matthew A. Silverman
   3636 North Central Avenue, Suite 1050
   Phoenix, Arizona 85012
   Attorneys for Defendants Midfirst/Midland

ORIGINAL of the foregoing electronically filed this 28 day of October, 2009 with the Clerk of the Court.

COPY of the foregoing emailed this 28 day of October, 2009 to:

Joseph Charles
5704 W. Palmaire Avenue
Glendale, Arizona 85311
Attorney for Plaintiff

Gregory J. Marshall
One Arizona Center
400 E. Van Buren Street
Phoenix, Arizona 85004
Attorneys for Wells Fargo Bank

David Knapper
1599 E. Orangewood Avenue, #125
Phoenix, Arizona 85020
Attorneys for Tres Amigos

/s/ Danielle Fratterelli

8