Paul M. Levine, Esq. (007202)
Matthew Silverman, Esq. (018919)
**McCARTHY ♦ HOLTHUS ♦ LEVINE**
3636 North Central Avenue, Suite 1050
Phoenix, Arizona 85012
Telephone: (602) 230-8726
plevine@mhlevine.com
*Attorneys for Defendants Midfirst/Midland*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARTHA RODRIGUEZ, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORP., a California corporation; MIDFIRST BANK, a nationally chartered bank and their subsidiary MIDLAND MORTGAGE COMPANY, an Oklahoma corporation; WELLS FARGO BANK, N.A., a national Banking association; TRES AMIGOS PROPERTIES LLC, an Arizona limited liability company; JOHN DOES I-X; JANE DOES I-X; ABC CORPORATIONS I-X; XYZ PARTNERSHIPS I-X,<br><br>Defendants. | Case No.: CV-09-01853-PHX-MHB<br><br>**DEFENDANTS MIDFIRST BANK AND MIDLAND MORTGAGE COMPANY'S STATEMENT OF FACTS IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>(Assigned to the Honorable Michelle H. Burns) |

Defendants, Midfirst Bank ("Midfirst") and Midland Mortgage Co. ("Midland"), by and through their counsel undersigned, pursuant to Rule 56.1(a), Rules of Practice of the United States District Court for the District of Arizona, submits the following as their Separate Statement of Facts in Support of their Motion for Summary Judgment.

1

1. On or about August 19, 1987, Janet Lee Nilsen signed a Note, in the original principal sum of $75,618.00. (Exhibit "A".)

2. On or about August 19, 1987, Janet Lee Nilsen signed a Deed of Trust with Assignment of Rents, securing the Note. The Deed of Trust encumbered the Property located at 4210 West Corrine Drive in Phoenix, Arizona 85029 also known as Lot 71, Tamarron I ("Property"). (Exhibit "B".)

3. On or about February 25, 2009, Quality Loan Service Corporation, as trustee pursuant to the Deed of Trust referred to above, noticed a trustee's sale of the Property for June 2, 2009 at 12:00 p.m. Midfirst is identified as the current beneficiary of the Deed of Trust. (Exhibit "C".)

4. On June 30, 2009, Quality conducted a trustee's sale of the Property and sold the Property to David Bilfeld for $67,700.00. (Exhibit "D".)

5. Pursuant to Count One, Plaintiff has alleged a claim against Midland for "Lack of Standing", alleging that "Midland was not the holder of the underlying Note secured by the Deed of Trust and therefore did not have standing to conduct a Trustee's sale. Therefore, David Bilfeld as purported purchaser cannot be a bona-fide purchaser under the trustee sale." (Complaint, ¶ 19.)

6. Pursuant to Count Two, Plaintiff has alleged a claim against Midland for breach of contract. Even though denominated breach of contract, Plaintiff's request is a declaration of rights pursuant to A.R.S. § 12-1831. Plaintiff has alleged that the notice of trustee's sale was improper. (Complaint, ¶¶ 20 and 21.)

///

///

2

RESPECTFULLY SUBMITTED this 28 day of October, 2009.

**McCARTHY ♦ HOLTHUS ♦ LEVINE**

By: /s/ Paul M. Levine
Paul M. Levine
Matthew A. Silverman
3636 North Central Avenue, Suite 1050
Phoenix, Arizona 85012
Attorneys for Defendants Midfirst/Midland

ORIGINAL of the foregoing electronically filed this 28 day of October, 2009 with the Clerk of the Court.

COPY of the foregoing emailed this 28 day of October, 2009 to:

Joseph Charles
5704 W. Palmaire Avenue
Glendale, Arizona 85311
Attorney for Plaintiff

Gregory J. Marshall
One Arizona Center
400 E. Van Buren Street
Phoenix, Arizona 85004
Attorneys for Wells Fargo Bank

David Knapper
1599 E. Orangewood Avenue, #125
Phoenix, Arizona 85020
Attorneys for Tres Amigos

/s/ Danielle Fratterelli

# EXHIBIT "A"

FHA FORM NO. 9101
Rev. 12/71

This form is used in connection with DT/M insured under the one- to four-family provisions of the National Housing Act.

# NOTE

FHA CASE NO.
021-5870950-703

(To be used with Deed of Trust or Mortgage)

$ 75,618.00

Phoenix , Arizona.

August 19 , 19 87 .

**FOR VALUE RECEIVED, I, or We, promise to pay to**
Combined/Mortgage Corporation

, or order, the principal sum of
Seventy Five Thousand Six Hundred Eighteen and No/100 ——————Dollars ($ 75,618.00 )
with interest from date at the rate of      Nine and One-Half          per centum (      9.50 %)
per annum on the unpaid balance until paid. Said principal and interest shall be payable at the office of
Combined/Mortgage Corporation
in      Phoenix, Arizona.
or at such other place as the holder hereof may designate in writing, in monthly installments of
Six Hundred Thirty Five and 84/100 ——————————————— Dollars ($ 635.84           ),
commencing on the first day of    October     , 19 87 , and on the first day of each month thereafter until the principal and interest are fully paid, except that the final payment of principal and interest, if not sooner paid, shall be due and payable on the first day of    September 2017.

If default be made in the payment of any installment under this note, and if default is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

I, or We, agree to pay all costs incurred in the collection thereof, including a reasonable attorney's fee. Principal and interest payable in lawful money of the United States.

No extension of time for the payment of this note or any installment hereof made by agreement with any person now or hereafter liable for the payment of this note shall operate to release, discharge, modify, change or affect the original liability under this note, either in whole or in part, of any of the undersigned not a party to such agreement.

I, or We, and each of us, whether principal, surety, guarantor or endorser, agree to be jointly and severally bound, and I, or We, severally waive any homestead or exemption right against said debt and waive demand, protest and notice of demand, protest and nonpayment.

_____
Janet Lee Nilsen

☆ US GOVERNMENT PRINTING OFFICE: 1978-789-099/263

# EXHIBIT "B"

Unofficial Document

STATE OF ARIZONA
When Recorded, Mail to:
Combined/Mortgage Corp.
3225 N. Central Ave., Ste. 1112
Phoenix, AZ 85012

**DEED OF TRUST**
With Assignment of Rents

THIS DEED OF TRUST, made this __19__ day of _____

BETWEEN __Janet Lee Nilsen, a single woman__

whose mailing address is __4210 West Corrine Drive__ Phoenix
(Street and number) (City)

AUG 24 '87 -2 09
KEITH POLETIS, County Recorder
Arizona
FEE 10.00  PGS 6 (Sntr)  P.H.

__Michael A. Bosco, Jr., A member of the Arizona Bar__

__P.O. Box 7247 - Phoenix, Arizona 85011__, as TRUSTEE and

__COMBINED/MORTGAGE CORPORATION__

__3225 N. Central Avenue, Suite 1112, Phoenix, Arizona 85012__, as BENEFICIARY.

WITNESSETH: That Trustor irrevocably GRANTS, TRANSFERS, and ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE,

the property in __Maricopa__ County, Arizona, described as:

Lot 71, TAMARRON I, a subdivision recorded in Book 188 of Maps, page 10, records of Maricopa County, Arizona.

Reference is hereby made to the Rider to The FHA Deed of Trust which is incorporated herein for all purposes.

Subject to easements, reservations, restrictions and covenants, if any, now of record.

TOGETHER WITH the rents, issues, and profits thereof, SUBJECT, HOWEVER, to the right, power, and authority hereinafter given to and conferred upon Beneficiary to collection and apply such rents, issues, and profits;

FOR THE PURPOSE OF SECURING Performance of each agreement of Trustor herein contained and payment of the sum of

Seventy Five Thousand Six Hundred Eighteen and No/100 ——————

$ __75,618.00__ with interest thereon according to the terms of a promissory note of even date herewith, payable to Beneficiary or order and made by Trustor. Privilege is reserved to pay the debt, in whole or in part, on any installment due date.

2. Trustor agrees to pay to Beneficiary in addition to the monthly payments of principal and interest payable under the terms of said note, on the first day of each month until said note is fully paid, the following sums:

a. An amount sufficient to provide the holder hereof with funds to pay the next mortgage insurance premium if this instrument and the note secured hereby are insured, or a monthly charge (in lieu of a mortgage insurance premium) if they are held by the Secretary, Department of Housing and Urban Development, as follows:

(I) If and so long as said note of even date and this instrument are insured or are reinsured under the provisions of the National Housing Act, an amount sufficient to accumulate in the hands of the holder one (1) month prior to its due date the annual mortgage insurance premium, in order to provide such holder with funds to pay such premium to the Secretary, Department of Housing and Urban Development pursuant to the National Housing Act, as amended, and applicable Regulations thereunder; or

(II) If and so long as said note of even date and this instrument are held by the Secretary, Department of Housing and Urban Development, a monthly charge (in lieu of a mortgage insurance premium) which shall be in an amount equal to one-twelfth (1/12) of one-half (1/2) per centum of the average outstanding balance due on the note computed without taking into account delinquencies or prepayments;

b. An installment of the ground rents, if any, and of the taxes and special assessments levied or to be levied against the premises covered by this Deed of Trust; and an installment of the premium or premiums that will become due and payable to renew the insurance on the premises covered hereby against loss by fire or such other hazard as may be required by Beneficiary in amounts and in a company or companies satisfactory to Beneficiary; trustor agreeing to deliver promptly to Beneficiary all bills and notices therefor. Such installments shall be equal respectively to one-twelfth (1/12) of the annual ground rent, if any, plus the estimated premium or premiums for such insurance, and taxes and assessments next due (as estimated by Beneficiary) less all installments already paid therefor, divided by the number of months that are to elapse before one month prior to the date when such premiums and taxes and assessments will become delinquent. Beneficiary shall hold such payments in trust to pay such ground rents, premiums or premiums and taxes and special assessments before the same become delinquent; and

c. All payments mentioned in the two preceding subsections of this paragraph and all payments to be made under the note secured hereby shall be added together and the aggregate amount thereof shall be paid each month in a single payment to be applied by Beneficiary to the following items in the order set forth:

(I) premium charges under the contract of insurance with the Secretary, Department of Housing and Urban Development, or monthly charge (in lieu of mortgage insurance premium), as the case may be;
(II) ground rents, taxes, special assessments, fire and other hazard insurance premiums;
(III) interest on the note secured hereby; and
(IV) amortization of the principal of said note.

Any deficiency in the amount of any such aggregate monthly payment shall, unless made good prior to the due date of the next such payment, constitute an event of default under this Deed of Trust.

Replaces Form FHA-2104 DT, which is Obsolete
Previous Editions may not be used until Supply is Exhausted

HUD-92169-OT(11-78)
24 CFR 203.17 et seq

87 531235

3. If the total of the payments made under (b) of paragraph 2 preceding shall exceed the amount of payments actually made by Beneficiary for ground rents, taxes or assessments, or insurance premiums, as the case may be, such excess, if the loan is current, at the option of the Trustor, shall be credited on subsequent payments to be made by the Trustor, or refunded to the Trustor. If, however, the monthly payments made under (b) of paragraph 2 preceding shall not be sufficient to pay ground rents, taxes and assessments, and insurance premiums, as the case may be, when the same shall become due and payable, then Trustor shall pay to Beneficiary any amount necessary to make up the deficiency on or before the date when payment of such ground rents, taxes, assessments, or insurance premiums shall be due. If at any time Trustor shall tender to Beneficiary, in accordance with provisions hereof, full payment of the entire indebtedness secured hereby, Beneficiary shall, in computing the amount of indebtedness, credit to the account of Trustor all payments made under the provisions of (a) of paragraph 2, which the Beneficiary has not become obligated to pay to the Secretary, Department of Housing and Urban Development, and any balance remaining in the funds accumulated under the provisions of (b) of paragraph 2 hereof. If there shall be a default under any of the provisions of the Deed of Trust and thereafter a sale of the premises in accordance with the provisions hereof, or if the Beneficiary acquires the property otherwise after default, Beneficiary shall apply, at the time of the commencement of such proceedings, or the time the property is otherwise acquired, the balance then remaining in the funds accumulated under (b) of paragraph 2 preceding, as a credit against the amount of principal then remaining unpaid under said note and shall properly adjust any payments which shall have been made under (a) of paragraph 2.

4. In the event that any payment or portion thereof is not paid within fifteen (15) days from the date the same is due, Trustor agrees to pay a "late charge" of four cents (4¢) for each dollar so overdue, if charged by Beneficiary.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

5. To protect and preserve said property and to maintain it in good condition and repair.

6. Not to remove or demolish any building or improvement thereon.

7. To complete or restore promptly and in good and workmanlike manner any building or improvement which may be constructed, damaged, or destroyed thereon, and pay when due all costs incurred therefor, and, if the loan secured hereby or any part thereof is being obtained for the purpose of financing construction of improvements on said property, Trustor further agrees:

　a. to commence construction promptly and in any event within 30 days from the date of the commitment of the Department of Housing and Urban Development, and complete same in accordance with plans and specifications satisfactory to beneficiary.

　b. to allow Beneficiary to inspect said property at all times during construction.

　c. to replace any work or materials unsatisfactory to Beneficiary, within fifteen (15) calendar days after written notice from Beneficiary of such fact, which notice may be given to the Trustor by registered mail, sent to his last known address, or by personal service of the same.

　d. That work shall not cease on the construction of such improvements for any reason whatsoever for a period of fifteen (15) calendar days.

The Trustee, upon presentation to it of an affidavit signed by Beneficiary, setting forth facts showing a default by Trustor under this numbered paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

8. Not to commit or permit waste of said property.

9. To comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting said property.

10. To cultivate, irrigate, fertilize, fumigate, prune, and do all other acts which from the character and use of said property may be reasonable, proper or necessary, the specific enumerations herein not excluding the general.

11. To provide and maintain insurance against loss by fire and other hazards, casualties, and contingencies including war damage as may be required from time to time by the Beneficiary in such amounts and for such periods as may be required by the Beneficiary, with loss payable solely to Beneficiary and to deliver all policies to Beneficiary, which delivery shall constitute an assignment to Beneficiary of all return premiums.

12. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and should Beneficiary or Trustee elect to also appear in or defend any such action or proceeding, to pay all cost and expenses, including cost of evidence of title and attorney's fees in a reasonable sum incurred by Beneficiary or Trustee.

13. To pay at least 10 days before delinquency all assessments upon water company stock, and all rents, assessments and charges for water, appurtenant to or used in connection with said property; to pay, when due, all encumbrances, charges and liens with interest, on said property or any part thereof, which at any time appear to be prior or superior hereto; to pay all costs, fees, and expenses of this Trust.

14. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: Make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon the property for such purposes; commence, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest, or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and in exercising any such powers, incur any liability, expend whatever amounts in its absolute discretion it may deem necessary therefor, including cost of evidence of title, employ counsel, and pay his reasonable fees.

15. To pay within 30 days after demand all sums expended hereunder by Beneficiary or Trustee, with interest from date of expenditure at the rate provided on the principal debt, and the repayment thereof shall be secured hereby.

16. Trustor agrees to do all acts and make all payments required of Trustor and of the owner of the property to make said note and this Deed eligible for insurance by Beneficiary under the provisions of the National Housing Act and amendments thereto, and agrees not to do, or cause or suffer to be done, any act which will void such insurance during the existence of this Deed.

**IT IS MUTUALLY AGREED THAT:**

17. Should the property or any part thereof be taken or damaged by reason of any public improvement or condemnation proceeding, or damaged by fire, or earthquake or in any other manner, Beneficiary shall be entitled to all compensation, awards, and other payments or relief therefor, and shall be entitled at its option to commence, appear in and prosecute in its own name, any action or proceedings, or to make any compromise or settlement, in connection with such taking or damage. All such compensation, awards, damages, rights of action and proceeds, including the proceeds of any policies of fire and other insurance affecting said property, are hereby assigned to Beneficiary, who may after deducting therefrom all its expenses, including attorney's fees, release any moneys so received by it or apply the same on any indebtedness secured hereby. Trustor agrees to execute such further assignments of any compensation, award, damage, and rights of action and proceeds as Beneficiary or Trustee may require.

18. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

19. This Deed of Trust shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness or any part thereof secured hereby.

20. At any time and from time to time upon written request of Beneficiary, payment of its fees and presentation of this Deed and the note for endorsement (in case of full reconveyance, for cancelation and retention), without affecting the liability of any person for the payment of the indebtedness, Trustee may (a) consent to the making of any map or plat of said property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this Deed or the lien or charge thereof; (d) reconvey, without warranty, all or any part of the property. The grantee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustee's fees for any of the services mentioned in this paragraph shall be $ Reasonable Fees.

21. Trustor hereby absolutely assigns to Beneficiary during the continuance of these trusts, all rents, issues, royalties, and profits of the property affected by this Deed and of any personal property located thereon. Until Trustor shall default in the payment of any indebtedness secured hereby or in the performance of any agreement hereunder, Trustor shall have the right to collect all such rents, issues, royalties, and profits earned prior to default as they become due and payable save and excepting rents, issues, royalties, and profits arising or accruing by reason of any oil, gas, or mineral lease of said property. If Trustor shall default as aforesaid Trustor's right to collect any of such moneys shall cease and Beneficiary shall have the right, without taking possession of the property affected hereby, to collect all rents, royalties, issues, and profits. Failure or discontinuance of Beneficiary at any time, or from time to time to collect any such moneys shall not in any manner affect the subsequent enforcement by Beneficiary of the right, power, and authority to collect the same. Nothing contained herein, nor the exercise of the right by Beneficiary to collect, shall be, or be construed to be, an affirmation by Beneficiary of any tenancy, lease or option, nor an assumption of liability under, nor a subordination of the lien or charge of this Deed to any tenancy, lease, or option.

22. Upon any default by Trustor hereunder, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in its own name sue for or otherwise collect said rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.

23. The entering upon and taking possession of said property, the collection of such rents, issues, and profits, or the proceeds of fire and other insurance policies, or compensation or awards for any taking or damage of the property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

HUD-92109-DT (11-70)

24. Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, or should this Deed and said note not be eligible for insurance under the National Housing Act within 90 days from the date hereof (written statement of any officer of the Department of Housing and Urban Development or authorized agent of the Secretary, Department of Housing and Urban Development dated subsequent to 90 days time from the date of this Deed, declining to insure said note and this Deed, being deemed conclusive proof of such ineligibility), or should the commitment of the Department of Housing and Urban Development to insure this loan cease to be in full force and effect for any reason whatsoever, Beneficiary may declare all sums secured hereby immediately due and payable.

25. After the lapse of such time as may then be required by law following the recordation of notice of sale, and said notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which such property, if consisting of several known lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at the time and place of sale, and from time to time thereafter may postpone the sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to the purchaser its Deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in the Deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary, may purchase at the sale. Trustee shall apply the proceeds of sale to payment of (1) the expenses of such sale, including, but not limited to, reasonable Trustee's and Attorney's fees; (2) cost of any evidence of title procured in connection with such sale and revenue stamps on Trustee's Deed; (3) all sums expended under the terms thereof, not then repaid, with accrued interest at the rate provided on the principal debt; (4) all other sums then secured hereby; and (5) remainder, if any, to the person or persons legally entitled thereto.

26. Upon the occurrence of any default hereunder, Beneficiary shall have the option to foreclose this Trust Deed in the manner provided by law for the foreclosure of mortgages on real property.

No power or remedy herein conferred is exclusive of, or shall prejudice any other power or remedy of Trustee or Beneficiary.

The exercise of any power or remedy on one or more occasions shall not exclude the future exercise thereof from time to time upon the conditions prescribed herein or by operation of law.

27. If a final decree in favor of plaintiff is entered in a suit brought to foreclose this Trust Deed, it may include the amount of all costs and expenses incident to such proceedings, including reasonable attorney's fees actually incurred.

28. Beneficiary may from time to time, for any reason or cause, substitute a successor or successors to any Trustee named herein or acting hereunder to execute this Trust. Upon such appointment, and without any conveyance to any successor Trustee, the latter shall be vested with all title, powers, and duties conferred upon any Trustee herein named or acting hereunder. Each such appointment and substitution shall be made by written notice through registered or certified mail, postage prepaid, to Trustor, Trustee, and the successor Trustee and by recording notice of such in the office of the County Recorder of the county in which the trust property is situated. Such notice of substitution of trustee shall be executed and acknowledged by Beneficiary and shall contain reference to this Trust Deed and its place of record and describe the trust property and when so recorded shall be conclusive proof of proper appointment of the successor Trustee.

29. The waiver by Trustee or Beneficiary of any default of Trustor under this Trust Deed shall not be or be deemed to be a waiver of any other or similar defaults subsequently occurring.

30. This Deed shall inure to and bind the heirs, legatees, devisees, administrator, executors, successors, and assigns of the parties hereto. All obligations of Trustor hereunder are joint and several. The term "Beneficiary" shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein.

31. Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party, unless brought by Trustee.

32. Whenever used in this Deed of Trust, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

33. This Deed shall be construed according to the laws of the State of Arizona.

34. The Undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder be mailed to him at the address hereinbefore set forth.

Unofficial Document

*Signature of Trustor*

_Janet Lee Nilsen_ (signed)

Janet Lee Nilsen

(Copyist will copy) Index as Trust Deed and Assignment of Rents

STATE OF ARIZONA
COUNTY OF __Maricopa__ } ss:
On this __19__ day of __August__, 19 __87__ before me, __The Undersigned__ A Notary Public in and for said County, personally appeared __Janet Lee Nilsen, A single Woman__ known to me to be the person whose name __is__ subscribed to the within instrument, and acknowledged that __She__ executed the same.

WITNESS my hand and official seal.

[NOTARIAL SEAL]

_Constance J. _____ ___ ___ (signed)_
Notary Public in and for said County and State.

My Commission Expires: 4-15-88

## REQUEST FOR FULL RECONVEYANCE

Do not record. To be used only when note has been paid

TO: TRUSTEE.

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied, and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated _____, 19____

Mail reconveyance to _____

HUD-92101-DT (11-78)

WHEN RECORDED RETURN TO:
COMBINED/MORTGAGE CORPORATION
3225 North Central Avenue
Suite 1200
Phoenix, Arizona 85012

87 531235

LOAN NO: 12313-1
CASE NO: 021-5870950-703

## RIDER TO FHA DEED OF TRUST

This Rider made this ___19___ day of ___August___, 19__87__, modifies and amends that certain Deed of Trust With Assignment of Rents, Form HUD-92101-DT (11-79), of even date herewith, between

    Janet Lee Nilsen, A single woman
    4210 West Corrine Drive -- Phoenix, Arizona 85029 , as Trustor,

    Michael A. Bosco, Jr., a member of the Arizona Bar
    P. O. Box 7247, Phoenix, Arizona 85011 , as Trustee,

and

    Combined/Mortgage Corporation
    3225 N. Central Avenue, Suite 1200, Phoenix, AZ 85012 , as Beneficiary,

as follows:

1. Paragraph 2a (commencing with "a. An amount sufficient ..." and concluding with "... taking into account delinquencies or prepayments;") is deleted in its entirety.

2. Paragraph 2c is amended to delete the subparagraph denoted as "(1)".

3. The following provision of Paragraph 3, commencing on line 7 and concluding on line 9 of said paragraph, is hereby deleted:

   "all payments made under the provisions of (a) of paragraph 2, which the Beneficiary has not become obligated to pay to the Secretary, Housing and Urban Development, and".

4. The following provision of Paragraph 3, line 13, is deleted:

   "and shall properly adjust any payments which shall have been made under (a) of paragraph 2."

5. The following sentence is added at the end of Paragraph 24:

   "This option may not be exercised by the Beneficiary when the ineligibility for insurance under the National Housing Act is due to the Beneficiary's failure to remit the mortgage insurance premium to the Department of Housing and Urban Development."

6. The following paragraph is added:

   "35. <u>Due on Sale.</u> The mortgagee shall, with the prior approval of the Federal Housing Commissioner, or his designee, declare all sums secured by this mortgage to be immediately due and payable if all or a part of the property is sold or otherwise transferred (other than by devise, descent or operation of law) by the mortgagor, pursuant to a contract of sale executed not later than 24 months after the date of execution of this mortgage or not later than 24 months after the date of a prior transfer of the property subject to this mortgage, to a purchaser whose credit has not been approved in accordance with the requirements of the Commissioner."

The identity of all sections and subsections affected by the changes in this Rider should be reidentified as necessary in order to account for the deletions and changes.

Except as modified herein, the Deed of Trust With Assignment of Rents referenced above is and shall remain in full force and effect.

IN WITNESS WHEREOF, Trustor has executed this Rider to FHA Deed of Trust.

Signature(s) of Trustor

_____
Janet Lee Nilsen

Note: Delete paragraphs 1, 2, 3 and 4 above, if loan closed under Section 234 (Condominium).

# EXHIBIT "C"

FFICIAL RECORDS OF

**Unofficial Document**

**OLD REPUBLIC TITLE AGENCY**

Recording requested by:

When recorded mail to:

Quality Loan Service Corp
2141 5th Avenue
San Diego, CA 92101

_____
Space above this line for recorders use

TS # AZ-09-253297-CH        Order # 33-00834407                Loan # 46999911
                                             Investor No.

## Notice of Trustee's Sale

The following legally described trust property will be sold, pursuant to the power of Sale under that certain Deed of Trust dated 8/19/1987 and recorded 8/24/1987 as Instrument 87-531235, Book XXX, Page XXX, in the office of the County Recorder of **MARICOPA County, Arizona** ; and at public auction to the highest bidder:

| | |
|---|---|
| Sale Date and Time: | **6/2/2009 at 12:00:00 PM** |
| Sale Location: | IN THE COURTYARD BY THE MAIN ENTRANCE OF SUPERIOR COURT BUILDING, 201 WEST JEFFERSON, PHOENIX, ARIZONA |
| Legal Description: | LOT 71, TAMARRON I, A SUBDIVISION RECORDED IN BOOK 188 OF MAPS, PAGE 10, RECORDS OF **MARICOPA COUNTY, ARIZONA** |
| Purported Street Address: | 4210 W CORRINE DR, PHOENIX, AZ 850291965 |
| Tax Parcel Number: | 149-27-073 |
| Original Principal Balance: | $75,618.00 |
| Name and Address of Current Beneficiary: | Midfirst Bank<br>C/O Midland Mortgage Co.<br>999 N.W. Grand Blvd., Ste. 100<br>Oklahoma City, OK 73118-6116 |
| Name and Address of Original Trustor: | JANET LEE NILSEN, A SINGLE WOMAN<br>4210 WEST CORRINE DRIVE, PHOENIX, AZ 85029 |
| Name and Address of Trustee/Agent: | QUALITY LOAN SERVICE CORPORATION |

20090173855

C/O Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101
Phone: 619-645-7711
Sales Line: 714-730-2727
Login to: www.fidelityasap.com
AZ-09-253297-CH

The successor trustee qualifies to act as a trustee under A.R.S. §33-803A (1) in its capacity as a licensed Arizona escrow agent.

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

Dated: 2/25/2009         QUALITY LOAN SERVICE CORPORATION

By: Jim Montes, Assistant Vice President

State of California         )
                            ) ss
County of San Diego         )

On 2/25/2009 before me, **Sharina L. Guzman,** a notary public, personally appeared **Jim Montes,** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
Sharina L. Guzman

SHARINA L. GUZMAN
Commission # 1820561
Notary Public - California
San Diego County
My Comm. Expires Oct 28, 2012

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holder's rights against the real property only

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.



# EXHIBIT "D"

Trustee's Deed Upon Sale
Page 1

Recording requested by:

When recorded mail to:

Forward tax statements to the address given above

_____
Space above this line for recorders use

TS # AZ-09-253297-CH           Order # 33-00834407           Loan # 46999911

# Trustee's Deed Upon Sale

A.P.N.: 149-27-073                                    Transfer Tax:

The undersigned grantor declares:
The grantee herein WASN'T the foreclosing beneficiary.
The amount of the unpaid debt together with costs was:      $55,106.50
The amount paid by the grantee at the trustee sale was:     $67,700.00
The documentary transfer tax is:                            None
Said property is in the City of: PHOENIX, County of MARICOPA

**QUALITY LOAN SERVICE CORPORATION**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**DAVID BILFELD**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of MARICOPA, State of Arizona, described as follows:

**LOT 71, TAMARRON I, A SUBDIVISION RECORDED IN BOOK 188 OF MAPS, PAGE 10, RECORDS OF MARICOPA COUNTY, ARIZONA.**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **JANET LEE NILSEN, A SINGLE WOMAN**, as trustor, dated 8/19/1987, and recorded on 8/24/1987 as instrument number **87-531235**, in Book **XXX**, Page **XXX** of Official Records in the office of the Recorder of **MARICOPA**, Arizona, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Sale under the Deed of Trust recorded on **2/27/2009**, instrument no **2009-0173855**, , of Official records. Trustee having complied with all applicable statutory requirements of the State of Arizona and performed all duties required by the Deed of Trust including sending a Notice of Sale within five days by certified mail, postage pre-paid to each person entitled to notice in compliance with Arizona Civil Code 33-809.

Trustee's Deed Upon Sale
Page 2

All requirements per Arizona Statutes regarding the mailing, personal delivery and publication of copies of Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **6/30/2009**. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$67,700.00**, in lawful money of the United States, in pro per, receipt there of is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **QUALITY LOAN SERVICE CORPORATION - AZ**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws

Date: **7/8/2009**            **QUALITY LOAN SERVICE CORPORATION**

                     By: _____
                         Adriana Banuelos, Assistant Vice President.

State of California     )
                        ) ss.
County of San Diego     )

On _____ before me, **D.E. Turner** a Notary Public, personally appeared **Adriana Banuelos** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
          **D.E. Turner**

THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.