1

**JOSEPH W. CHARLES, P.C.**
**5704 West Palmaire Avenue**
2 **P.O. Box 1737**
**Glendale, Arizona 85311-1737**
3 **Tel:  (623) 939-6546**
**Fax:  (623) 939-6718**

4
attyjcharles@joecharles.com
5 JOSEPH W. CHARLES
State Bar No. 003038

6

7                **IN THE UNITED STATES DISTRICT COURT**

8                 **FOR THE DISTRICT OF ARIZONA**

9

10 | In re the Matter of:

11 | **MARTHA RODRIGUEZ,** a single
woman,
12
                              Plaintiff,
13 | vs.

14
**QUALITY LOAN SERVICE CORP.** a
15 California corporation licensed to do
business in the State of Arizona,
16 **MIDFIRST BANK** a nationally chartered
bank, and their subsidiary **MIDLAND**
17 **MORTGAGE COMPANY**, an Oklahoma
Corporation licensed to do business in the
18 State of Arizona, **WELLS FARGO**
19 **BANK, N.A.,** a national banking
association licensed to do business in the
20 State of Arizona.  **TRES AMIGOS**
**PROPERTIES LLC**, an Arizona limited
21 liability company, **XYZ**
22 **CORPORATIONS 1-10**, **JOHN and**
**JANE DOES 1-10**, **BLACK**
23 **PARTNERSHIPS 1-10**
                         Defendants.
24

25

Case No.  CV-09-01853-PHX-FJM

**PLAINTIFF'S RESPONSE TO DEFENDANTS MIDFIRST BANK AND MIDLAND MORTGAGE COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

(Assigned to the Honorable Frederick J. Martone)

**(ORAL ARGUMENT REQUESTED)**

26        Comes now the Plaintiff, Martha Rodriguez, by and through counsel

27 undersigned, and respectfully requests the court to deny Defendants MidFirst Bank

28 and Midland Mortgage Company's Motion to Dismiss or, in the alternative, Motion

for Summary Judgment on the grounds that Plaintiff has stated a claim for which relief may be granted, there are material facts in dispute, and the case is not yet ripe for dispositive motions.

This Response is based upon the following Memorandum of Points and Authorities, attached Statement of Facts, and attached affidavits.

**RESPECTFULLY SUBMITTED** this 6th day of January, 2010.


**JOSEPH W. CHARLES, P.C.**


By:    __/s/__Joseph_Charles___
**JOSEPH W. CHARLES**
Attorney for Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.    Introduction**

Plaintiff admits the existence of the documents in Defendants' Statements of Facts. Plaintiff also admits that the sale can no longer be set aside. That Plaintiff no longer seeks return of the property is evidenced by the dismissal of Tres Amigos Properties LLC ("Tres Amigos") and Quality Loan Service Corporation ("Quality"). Although Plaintiff made numerous attempts to obtain the Deed of Trust sale documents from Quality, both before and after filing suit, Quality never submitted those documents to the Plaintiff. Plaintiff obtained the documents from Tres Amigos, and after reviewing the same, Plaintiff dismissed Tres Amigos from this lawsuit. (Plaintiff's Statement of Facts ¶ 7).

Plaintiff originally filed this lawsuit in State Court.  Discovery requests were submitted to Wells Fargo Bank, N.A.  Wells Fargo Bank, N.A. ("Wells Fargo") requested the removal of this case to Federal Court.  Plaintiff's counsel thereafter has moved to amend the original Complaint based upon the receipt of documents as set forth above.

Given the need to respond to the current motion, Plaintiff has filed a Motion to Amend the Complaint based on the facts as we know them currently along with this response to clarify that Plaintiff seeks monetary damages because return of the property is no longer a possibility.  (Plaintiff's Statement of Facts ¶ 8).  It is understandable why Defendants MidFirst Bank and Midland Mortgage Company ("Midland") believe that relief may not be granted as set out in the complaint since return of the property is no longer possible.  This delay was not meant to confuse the issues.  Plaintiff felt it was preferable to amend the complaint after the facts were firmly established.  Furthermore, the precise behavior that Plaintiff alleges is described in the Amended Complaint.  (Plaintiff's Statement of Facts ¶ 9).

2.    **Argument.**

A.  **Plaintiff does state a claim for which relief may be granted.**

In determining a whether to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), courts "…accept as true the factual allegations in the amended complaint" and "uphold the dismissal 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations'." _Canyon County v. Syngenta Seeds, Inc._, 519 F.3d 969, 975 (9th Cir. 2008).

1
2
3
4
5
6
7

Plaintiff's complaint alleges that Defendants are not the true holders of the note.  For purposes of this motion, the Court should assume that allegation to be true.  It is no longer feasible for Plaintiff's home to be returned to her.  The Amended Complaint specifies the conduct of the Defendants concerning the Deed of Trust sale of the property.  Plaintiff requests monetary damages for the loss of her property.

8
9

Plaintiff's acknowledges that Count Two is no longer sustainable.  As a result, it has been removed from the Amended Complaint.

10
11
12
13
14
15
16

Plaintiff's complaint further alleges in the original complaint that Defendants breached their fiduciary duty by proceeding with the Deed of Trust sale even though they knew Plaintiff was in the final stages of procuring financing in which to pay the bank off.  The Amended Complaint clarifies that Plaintiff believes that Defendants MidFirst Bank and/or Midland actually impaired the loan process by delaying and/or frustrating Plaintiff's efforts to refinance the property and cure the alleged default.

17
18
19
20
21
22
23
24
25
26
27

Defendants MidFirst Bank and Midland suggest that they owed no duty to Plaintiff in this regard.  While it is true that there are clear examples of fiduciary relationships including conservators, attorneys, partners, and the like; these relationships are not the only relationships that qualify as a fiduciary.  "Whether a confidential relationship exists is a question of fact."  _Taeger v. Catholic Family & Community Servs._, 196 Ariz. 285 (Ariz. Ct. App. 1999).  Black's Law Dictionary defines a fiduciary as, "One who owes to another the duties of good faith, trust, confidence, and candor."  The Amended Complaint states that these entities owed at least a quasi-fiduciary duty to Plaintiff.  This would be a limited duty to at the very

28

least cooperate with their customer.  This is further emphasized by MidFirst Bank's

slogan, "More than you'd expect from a bank®."  A.R.S.  §33-715 states in part,

> A. On the written demand of an entitled person or that person's authorized agent, a beneficiary or the beneficiary's authorized agent shall prepare and deliver a payoff demand statement to the person who has requested it within fourteen days after receipt of the demand.

> B. The payoff demand statement shall provide the amounts required as of the date of preparation and shall include the information reasonably necessary to calculate the payoff amount on a per diem basis for the time that the per diem amount remains unchanged as provided in the note but not to exceed thirty days.

This indicates a legislative intent to impose such a duty on lenders.  It is unclear at

this time if Wells Fargo complied with this statute and when the request was sent by

Wells Fargo.

Plaintiff further alleges that MidFirst Bank and Midland breached the

covenant of good faith and fair dealing.  Even if there is no special relationship here,

the covenant of good faith and fair dealing applies.  "…[A] special relationship is not

a required element of a claim based on the contractual covenant of good faith,

which is imposed in every Arizona contract.  *Firstar Metro. Bank & Trust v. FDIC*,

964 F. Supp. 1353 (D. Ariz. 1997).  Again, the Amended Complaint alleges that

MidFirst and Midland delayed and/or frustrated Plaintiff's efforts in regard to

Plaintiff's attempts to refinance the property and obtaining monies from Wells Fargo.

**B.  Summary judgment standard.**

Arizona law requires that two (2) prerequisites be met before a Motion for Summary

Judgment may be granted.  First, the entire record must reveal that no genuine

dispute exists as to any material fact and that only one (1) inference can be drawn

from the undisputed material facts; and second, based upon the undisputed material

facts, the moving party is entitled to judgment as a matter of law. Rule 56(c), Ariz. R. Civ. P.; Orme School v. Reeves, 166 Ariz. 31, 802 P.2d 1000 (1990); Nicoletti v. Westcor, Inc., 131 Ariz. 140, 639 P.2d 330 (1982).

### C.  There are material facts in dispute.

Plaintiff believes that Movants were at least a contributing cause of the failed financing.   Plaintiff believes that Movants acted wrongfully in frustrating and/or delaying the loan process.  Movants deny any wrong doing whatsoever and insist that this was a normal arms length Deed of Trust sale.  Therefore there is a material fact in dispute as to whether Movant engaged in these wrongful acts.  As such, Summary judgment is inappropriate.

### D.  The motion is not yet ripe to rule upon because Plaintiff has not received discovery from Wells Fargo.

Plaintiff has not yet received the discovery from Wells Fargo and is still reviewing the discovery recently sent by Movants.   The Federal Rules of Civil Procedure state, "[t]he judgment sought should be rendered if the pleadings, **the discovery and disclosure materials on file**, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."   Fed. R. Civ. Proc. 56(c)2 (emphasis added).  The Supreme Court of the United States has stated that "[i]n our view, the plain language of Rule 56(c) mandates the entry of summary judgment, **after adequate time for discovery** and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." _Celotex Corp. v. Catrett_, 477 U.S. 317, 322 (U.S. 1986) (emphasis added).

Plaintiff previously submitted discovery requests in this matter. Some materials have been received, however, Wells Fargo has refused to comply with discovery requests after this case was removed to Federal Court. Plaintiff submits that Movants frustrated and disrupted her attempts to cure the default in a timely fashion.

### 3. Conclusion.

Movants are partially correct in that the requested for relief in the Complaint is no longer a possibility. This is the primary reason for the Amended Complaint. Monetary damages would be appropriately rewarded if Plaintiff's allegation of interference with the loan process with Wells Fargo is true. Therefore, there is a claim for which relief may be granted and dismissal is inappropriate. Likewise, summary judgment is inappropriate at this early stage because the parties dispute whether Movants participated in wrongful actions. Furthermore, Plaintiff does not have Wells Fargo's discovery materials. The rule and the cases make it clear that dispositive motions are favored after a reasonable time for discovery.

**DATED** this 6th Day of January, 2010.


**JOSEPH W. CHARLES, P.C.**


By:   ____/s/ Joseph W. Charles_____
      **JOSEPH W. CHARLES**
      *Attorneys for Plaintiff*

ORIGINAL filed this 6th day of
January, 2010, with:

Clerk of the Court

COPY of the foregoing mailed this 6th
day of January 2010, to:

Paul M. Levine
McCarthy Holthus Levine
3636 North Central Ave., Suite 1050
Phoenix, AZ 85012
Attorneys for Midfirst Bank
and Midland Mortgage Company

Gregory J. Marshall
Anne W. Bishop
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren St.
Phoenix, Arizona 85004-2202

   C. Short