Paul M. Levine, Esq. (007202)
Matthew Silverman, Esq. (018919)
Jessica R. Kenney, Esq. (026615)
**McCARTHY ♦ HOLTHUS ♦ LEVINE**
3636 North Central Avenue, Suite 1050
Phoenix, Arizona 85012
Telephone: (602) 230-8726
plevine@mhlevine.com
*Attorneys for Defendants Midfirst/Midland*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARTHA RODRIGUEZ, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORP., a California corporation; MIDFIRST BANK, a nationally chartered bank and their subsidiary MIDLAND MORTGAGE CO., an Oklahoma corporation; WELLS FARGO BANK, N.A., a national Banking association; TRES AMIGOS PROPERTIES LLC, an Arizona limited liability company; JOHN DOES I-X; JANE DOES I-X; ABC CORPORATIONS I-X; XYZ PARTNERSHIPS I-X,<br><br>Defendants. | Case No.: CV-09-01853-PHX-MHB<br><br>**DEFENDANTS MIDFIRST BANK AND MIDLAND MORTGAGE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>(Assigned to the Honorable Frederick J. Martone) |

Defendants, MidFirst Bank ("MidFirst") and Midland Mortgage Co. ("Midland"), by and through their counsel undersigned, submit this Reply in Support of Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Plaintiff's Response does not raise any factual questions and Plaintiff has not responded to any of the legal authority cited by Defendants in their Motion.

1

Further, Plaintiff's Response is presumptive, in that it contemplates the Court will grant her Motion to Amend Complaint, which, as of this date, has not been granted and is not part of the record. Furthermore, none of the proposed changes to the Complaint involve any new factual allegations that would change any of the claims. Accordingly, Defendants' Motion should be granted.

### I.   COUNT ONE: LACK OF STANDING BY MIDLAND.

Plaintiff has not responded to Defendants' principal argument, i.e., that there is no cognizable claim for "lack of standing". (Motion, p. 4.) Since there is no recognizable claim for lack of standing, the Court must dismiss Count One of the Plaintiff's Complaint.

### II.   COUNT THREE: BREACH OF FIDUCIARY DUTY.[1]

Plaintiff now claims that notwithstanding the allegations in the Complaint regarding Midland allegedly owing a fiduciary duty to Plaintiff, what she now alleges is that Midland owed a "quasi-fiduciary" duty to Plaintiff. Of course, Plaintiff has not cited any authority to support her claim that such a duty is owed, Arizona law is clear that no fiduciary or "quasi fiduciary" duty is owed. For example, see *McAlister v. Citibank*, 171 Ariz. 207, 829 P.2d 1253, 1258 (App. 1992) ("It is well settled in Arizona 'that the relationship between a Bank and an ordinary depositor, absent any special agreement, is that of debtor and creditor.'")

The case cited by the Plaintiff, *Taeger v. Catholic Family & Community Servs.*, 196 Ariz. 285, 995 P.2d 721 (App. 1999), actually supports Defendants' argument. In *Taeger*, the Court held that when the evidence is insufficient to support a verdict, the trial court has a duty to decide the issue as a matter of law. See also, *Rhoads v. Harvey Publications*, 145 Ariz. 142, 700 P.2d 840, 846 (App. 1984), ("when the evidence is insufficient to support a verdict, the trial court has a duty to decide the issue.")

---

[1] In her Response, Plaintiff acknowledges that Count Two "is no longer sustainable." Therefore, the Court should grant Defendants' Motion with respect to Count Two.

2

In short, Plaintiff has not cited the Court to any authority that supports either a fiduciary or a quasi-fiduciary duty owed by Defendants to Plaintiff. Also, Plaintiff has not made any effort to controvert any authority set forth in Defendants' Motion.

### III.  COUNT FOUR: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING.

Once again, Plaintiff has failed to address the substance of Defendants' Motion: that Plaintiff has failed to allege any conduct by Defendants that suggests that it breached the duty of good faith and fair dealing. Plaintiff has not alleged any specific conduct that would support any claim that Defendants did anything to prevent the Plaintiff from receiving the benefits of her agreement with Defendants. Instead, the Plaintiff relies on the Proposed Amended Complaint that "Midland delayed and/or frustrated the attempts to obtain financing in order to pay Midland." (Proposed First Amended Complaint, ¶ 27.) However, even assuming, arguendo, the truth of the allegation, that allegation has nothing to do with whether Midland prevented Plaintiff from receiving the benefit of her contract with Midland, i.e., the Note and Deed of Trust. One has nothing to do with the other.[2]

### IV.  DEFENDANTS' MOTION SHOULD BE GRANTED.

Plaintiff claims that the Motion is not yet "ripe" is irrelevant. If Plaintiff wanted additional time to respond to the Motion, Plaintiff's remedy was to file a Motion pursuant to Rule 56(f), Federal Rules of Civil Procedure.

///

///

---

[2] On September 1, 1987, the Deed of Trust was assigned by the original beneficiary, Combined Mortgage Corporation, to North American Mortgage Company. The Assignment was recorded with the Maricopa County Recorder's Office on September 17, 1987 at Recorder's No. 87-581069. On July 1, 1988, North American Mortgage Company, assigned the Deed of Trust to BancPlus Mortgage Corporation. The Assignment was recorded on September 20, 1988 at Recorder's No. 88-464209. Thereafter, Homeside Lending, Inc. assigned its interest in the Deed of Trust to MidFirst Bank. The Assignment was recorded on December 16, 2002 at Recorder's No. 2002-1352032. On May 31, 1996, BancPlus Mortgage Corporation merged with Homeside Lending, Inc. All of these documents were produced to Plaintiff in Response to her Request for Production of Documents.

The party seeking a continuance has a three-fold burden under *Rule 56(f)*: First, he "must make clear what information is sought and how it would preclude summary judgment." *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). Second, he must explain "why [he] cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." *Mackey v. Pioneer Nat. Bank*, 867 F.2d 520, 524 (9th Cir. 1989). Third, he must put the foregoing explanations into an affidavit. *Fed. R. Civ. P. 56(f)*; [*16] *Brae Transp., Inc. v Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).

Under *Rule 56(f)*, the party seeking a continuance bears the burden of showing what specific facts it expects to uncover that will raise an issue of material fact. *Continental Maritime v. Pacific Coast Metal Trades Dist. Council*, 817 F.2d 1391, 1395 (9th Cir. 1987). The affidavit in support of the request must make clear what information would preclude summary judgment. *Garrett*, 818 F.2d at 1518. Mere speculation or hope that further information may be developed is inadequate to postpone the court's ruling on a motion for summary judgment. *Neely v. St. Paul Fire & Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir. 1978). Where there is no likelihood that further discovery will produce material new information, the court need not grant the continuance and may proceed to a ruling on the motion for summary judgment. *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990).

*Bilal Abdul Yasin v. Chad Coulter*, 2009 U.S. Dist. LEXIS 81708, September 9, 2009.

Plaintiff failed to file any such Motion and has failed to identify why any discovery would assist her, in any event. Furthermore, the discovery responses from Defendants were propounded on December 11, 2009. Plaintiff has had sufficient time to review the documentation. For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment should be granted.

**RESPECTFULLY SUBMITTED** this 15th day of January, 2010.

**McCARTHY ♦ HOLTHUS ♦ LEVINE**

By:/s/ Paul M. Levine
    Paul M. Levine
    Matthew A. Silverman
    Jessica R. Kenney
    3636 North Central Avenue, Suite 1050
    Phoenix, Arizona 85012
    Attorneys for Defendants Midfirst/Midland

1 | ORIGINAL of the foregoing electronically filed with the Clerk of the Court this 15th
2 | day of January, 2010.

3 | /s/ Paul M. Levine