**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha Rodriguez, ) | No. CV-09-1853-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Quality Loan Service Corp., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it defendants Midfirst Bank and Midland Mortgage Company's motion to dismiss or in the alternative motion for summary judgment (doc. 17), plaintiff's response (doc. 25), and defendants' reply (doc. 31). We also have before us plaintiff's motion for leave to amend the complaint (doc. 27), and defendants' response (doc. 30), and defendants' motion to strike plaintiff's affidavit (doc. 32).

As an initial matter, we deny defendants' motion to strike plaintiff's affidavit submitted in support of her opposition to the motion to dismiss. Objections to evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum, not by a separate motion to strike. LRCiv 7.2(m)(2). Defendants were required to address the propriety of plaintiff's affidavit in their reply brief. The motion to strike is denied (doc. 32).

1  We next consider plaintiff's motion for leave to amend her complaint. Because a 2 responsive pleading has been filed, plaintiff may amend the complaint only with leave of the 3 court. Fed. R. Civ. P. 15(a)(2). Leave should be freely given "when justice so requires." 4 Id. In deciding whether to grant leave, we will consider whether the amendment prejudices 5 the opposing party, is sought in bad faith, produces undue delay, or is futile. 6 AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).

7  By her amendment, plaintiff seeks to dismiss certain defendants, conform the 8 allegations and prayer for relief to the evidence, and clarify the factual basis of the claims. 9 Defendants object to the amendment on the ground of futility, arguing that even after the 10 amendment the complaint fails to state a valid claim. Because we also have before us a 11 motion to dismiss, we grant plaintiff's motion to amend the complaint and examine the 12 sufficiency of the claims in the context of the motion to dismiss.

13  Defendants filed the present motion just over a month after the case was removed to 14 this court. The motion is presented as a motion to dismiss or alternatively a motion for 15 summary judgment. Plaintiff now contends that she has not had an adequate opportunity to 16 conduct discovery and therefore cannot properly respond to a motion for summary judgment. 17 Because this is a motion to dismiss, plaintiff need not comply with Rule 56(f), Fed. R. Civ. 18 P., in order to prevent the conversion of this motion to one for summary judgment. Pursuant 19 to our discretion under Rule 12(d), Fed. R. Civ. P., we decline to consider matters outside the 20 pleadings and accordingly treat this as a motion to dismiss.

21  Although count one is improperly characterized as a "lack of standing" claim, 22 plaintiff's allegation is that defendant Midland Mortgage was not the holder of the note 23 secured by the deed of trust and therefore did not have authority to conduct the trustee's sale. 24 Plaintiff alleges that "Midland claimed to be the first mortgage holder of the Property." 25 Amended Complaint ¶ 4. She requests monetary damages for the loss of her property. 26 Defendants counter that Midfirst Bank was the holder of the note and beneficiary under the 27 deed of trust and dispute that Midland Mortgage ever claimed that it was the holder of the 28 note.

At this stage of the proceedings, it is unclear as to who was the beneficiary and holder of the note under the deed of trust at the time of the trustee's sale. This issue can be clarified through discovery. We deny defendants' motion to dismiss count one of the amended complaint.

In count two of the amended complaint, plaintiff contends that Midland Mortgage breached its "quasi-fiduciary" duty to plaintiff by delaying or frustrating her attempts to obtain financing in order to pay Midland Mortgage. But plaintiff has failed to make any showing that such a duty is owed. On the contrary, "[i]t is well settled in Arizona that the relationship between a Bank and an ordinary depositor, absent any special agreement, is that of debtor and creditor." McAlister v. Citibank, 171 Ariz. 207, 212, 829 P.2d 1253, 1258 (Ct. App. 1992) (quotation omitted). There is no showing that Midland Mortgage had either a fiduciary or quasi-fiduciary duty to plaintiff. Count two is dismissed for failure to state a claim.

In count three of the amended complaint, plaintiff contends that Midland Mortgage[1] breached its duty of good faith and fair dealing by delaying or frustrating her attempts to obtain replacement financing. She asserts that she was in the final stages of procuring financing from Wells Fargo when Midland somehow impaired the process. She offers no factual support for this claim. Instead, she contends that she is unable to adequately respond because she has had insufficient opportunity to conduct discovery. Despite a lack of discovery, however, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973 (2007). She cannot use discovery to conduct a fishing expedition in hope that some fact supporting an allegation will be uncovered. Even with an opportunity to amend her

---

[1] Plaintiff argues in her response to the motion to dismiss that Midfirst Bank and/or Midland Mortgage interfered with her efforts to obtain replacement financing. The amended complaint, however, advances this claim against Midland only. Plaintiff is bound by the party and claim structure contained in her amended complaint. She cannot amend her claims by arguments presented in her brief.

1 complaint, plaintiff has failed to allege any facts that would support this claim. It is therefore
2 dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

3 Finally, plaintiff alleges in count four of the amended complaint that Midfirst Bank
4 is liable for the actions of its subsidiary Midland Mortgage by virtue of the doctrine of
5 respondeat superior. Respondeat superior is a theory of liability that holds an employer or
6 principal vicariously liable for the negligent acts of its employee or agent. The doctrine has
7 no application here. Plaintiff has asserted no allegation that Midland Mortgage and Midfirst
8 Bank's separate corporate identities should be disregarded. See Gatecliff v. Great Republic
9 Life Ins. Co., 170 Ariz. 34, 37, 821 P.2d 725, 728 (1991). Count four is dismissed for failure
10 to state a claim.

11 **IT IS ORDERED GRANTING** plaintiff's motion to amend (doc.27), and
12 **DENYING** defendants' motion to strike (doc. 32). **IT IS FURTHER ORDERED**
13 **GRANTING IN PART AND DENYING IN PART** defendants' motion to dismiss (doc.
14 17). Counts two, three, and four of the amended complaint are dismissed. We deny
15 defendants' motion to dismiss count one.

16 DATED this 13th day of April, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge