Paul M. Levine, Esq. (007202)
Matthew Silverman, Esq. (018919)
McCARTHY ♦ HOLTHUS ♦ LEVINE
3636 North Central Avenue, Suite 1050
Phoenix, Arizona  85012
Telephone:   (602) 230-8726
plevine@mhlevine.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARTHA RODRIGUEZ, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORP., a California corporation; MIDFIRST BANK, a nationally chartered bank and their subsidiary MIDFIRST MORTGAGE COMPANY, an Oklahoma corporation; WELLS FARGO BANK, N.A., a national Banking association; TRES AMIGOS PROPERTIES LLC, an Arizona limited liability company; JOHN DOES I-X; JANE DOES I-X; ABC CORPORATIONS I-X; XYZ PARTNERSHIPS I-X,<br><br>Defendants. | **Case No.: CV-09-01853-PHX-FJM**<br><br>**DEFENDANTS MIDFIRST BANK AND MIDLAND MORTGAGE COMPANY'S MOTION FOR SUMMARY JUDGMENT RE: COUNT I** |

Defendants, MidFirst Bank ("MidFirst") and Midland Mortgage Company ("Midland), by and through their counsel undersigned, pursuant to Rule 56, Federal Rules of Civil Procedure, move for

summary judgment on Count One of Plaintiff's Complaint.[1]  No genuine issues of material fact exist and Defendants are entitled to summary judgment.  This Motion is supported by the attached Memorandum of Points and Authorities and Defendants Statement of Facts, filed this same date.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     Background Information.**

The Plaintiff was the owner of the property located at 4210 W. Corrine Drive in Phoenix, Arizona, also known as Lot 171, Tamarron I in Maricopa County, Arizona (the "Property"). Previously, on or about August 19, 1987, Janet Lee Nilsen signed a Promissory Note ("Note") in the original principal sum of $75,618.00.  The Note was secured by a Deed of Trust against the Property, recorded on August 24, 1987 in Maricopa County, Arizona at Recorder's No. 87-531235.  After Plaintiff acquired the Property, the Note was in default and, on or about February 25, 2009, Quality Loan Service Corporation ("Quality"), as the trustee pursuant to the Deed of Trust, noticed a trustee's sale of the Property, scheduling a trustee's sale for June 2, 2009.  At the time of the trustee's sale, MidFirst was the beneficiary pursuant to the Deed of Trust.  On June 30, 2009, the Property sold at trustee's sale for $67,700.00.  David Bilfeld was the successful third party purchaser at the trustee's sale, but is not a party to this case.

Count I of the Plaintiff's Complaint alleges "Lack of Standing by Midland".  Plaintiff alleges that "Midland was not the holder of the underlying note secured by the deed of trust and therefore did not have standing to conduct a Trustee's Sale." (Complaint, ¶ 17.)[2]

---

[1] On April 22, 2010, the Court granted Plaintiff's Motion to Amend.  (Docket No. 45.)  However, Plaintiff has not yet filed his Amended Complaint.  Nevertheless, for purposes of this Motion, Defendants refer to the proposed Amended Complaint set forth in Plaintiff's Motion for Leave to Amend the Complaint.  (Docket No. 27.)
[2] On March 13, 2010, the court granted Defendants' Motion to Dismiss Counts Two, Three and Four of Plaintiff's Amended Complaint.  (Docket No. 45.)

**II.     MidFirst was the Holder of the Note.**

As set forth in the Declaration of Thaddeus Burr, MidFirst was the holder of the Promissory Note which was secured by the Deed of Trust, which was the basis for the non-judicial foreclosure. Therefore, Plaintiff's claim for "lack of standing" is without merit and Defendants are entitled to summary judgment.

In addition, there is no requirement that the original Note be produced in order to conduct a non-judicial foreclosure. In *Blau v. America's Servicing Company,* 2009 WL 3174823 (D. Ariz. 2009), the Court held that "[p]roduction of the original Promissory Note is not required before commencing a foreclosure/trustee's sale." In *Deissner v. Mortgage Electronic Registration Systems,* 618 F.Supp. 2d 1184 (D. Ariz. 2009), the Plaintiff alleged that because Defendants were "not in possession of the original Note endorsed to them, they have no present right to initiate foreclosure under the security interest nor the right to direct [the trustee] to foreclose and sell the subject property owned by Plaintiff." *Id.*, p. 1186. Plaintiffs argued that the note holder was not in possession of the original negotiable instrument and it was not entitled to enforce it. The District Court disagreed and denied Plaintiff's claim for declaratory relief, stating that Plaintiff's "show me the note" argument lacks merit. "Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings." *Id.,* p. 1187.

Finally, while denominated as a claim for "Lack of Standing", Plaintiffs have in actuality asserted a claim for wrongful foreclosure. (Amended Complaint, ¶ 18.) While no Arizona state case has specifically recognized a claim for wrongful foreclosure, the essence of a claim for wrongful foreclosure is a breach of a duty to exercise fairly and in good faith the power of sale in a deed to secure a debt *Castro v. Executive Services, LLC,* 2009 WL 1459180 (D. Ariz. 2009); *s*ee also, *Herring v. Countrywide Home Loans, Inc.,* 2007 WL 2051394 (D. Ariz. 2007), ("Wrongful Foreclosure is a tort

that 'exists as a statutory duty…to exercise fairly and in good faith the power of sale in a deed to secure [a] debt.'")  Here, Plaintiff has failed to allege that there was any breach of a statutory duty. Furthermore, pursuant to A.R.S. ¶ 33-811(B), a trustee's deed in favor of a third party raises a **conclusive presumption** that all the statutory requirements have been satisfied. "The trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of the sale. A trustee's deed shall constitute **<u>conclusive</u>** evidence of the meeting of those requirements in favor of purchasers or encumbrancers for value and without actual notice." A.R.S. ¶ 33-811(B). Here, since the trustee's sale resulted in a sale to a third party (David Bilfed), there is no rebutting the presumption that the statutory requirements were met.

For the foregoing reasons, Defendants are entitled to summary judgment on Count I of Plaintiff's Amended Complaint.  In addition, since this claim arises out of contract, Defendants are entitled to an award of their attorneys' fees pursuant to A.R.S. ¶ 12-341.01.

RESPECTFULLY SUBMITTED this 30th day of June 2010.

McCARTHY ♦ HOLTHUS ♦ LEVINE

By:/s/ Paul M. Levine
   Paul M. Levine
   Matthew A. Silverman
   3636 North Central Avenue, Suite 1050
   Phoenix, Arizona 85012
   Attorneys for Defendants MidFirst and Midland

ORIGINAL of the foregoing electronically filed this
30th day of June, 2010 with the Clerk of the Court.

By/s/Joan B. Pyles