Geoffrey S. Kercsmar (#020528)
Jenessa G. B. Coccaro (#027090)
KERCSMAR & FELTUS PLLC
6263 N. Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
Telephone: (480) 421-1001
gsk@kflawaz.com
jbc@kflawaz.com
Attorneys for Defendant
Wells Fargo Bank, N.A.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MARTHA RODRIGUEZ, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>MIDFIRST BANK, a nationally chartered bank, and their subsidiary MIDLAND MORTGAGE COMPANY, an Oklahoma Corporation licensed to do business in the State of Arizona; WELLS FARGO BANK, N.A., a national banking association licensed to do business in the State of Arizona; XYZ CORPORATIONS 1-10; JOHN AND JANE DOES 1-10; BLACK PARTNERSHIPS 1-10,<br><br>Defendants. | Case No.  CV09-1853-PHX-FJM<br><br>**WELLS FARGO BANK, N.A.'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**(Assigned to the Hon. Frederick J. Martone)** |

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby moves to dismiss Counts Five, Six, and Seven of Martha Rodriguez's First Amended Complaint. Dismissal is required under Fed. R. Civ. P. 12(c) because Plaintiff cannot sustain a claim against Wells Fargo as a matter of law. In the First Amended Complaint, Plaintiff alleges that once Wells Fargo accepted her loan application, it had a duty not only to process that application but to take any and all steps necessary to ensure that she kept her home. Plaintiff seeks to hold Wells Fargo

accountable for actions that Midland Mortgage Company ("Midland") took against Plaintiff based on that loan application. But Plaintiff cannot show that Wells Fargo had a legal duty to Plaintiff, cannot allege any promise or representation Wells Fargo made to Plaintiff, and cannot allege reliance.

In addition, Plaintiff's negligence and negligent misrepresentation claims are barred by the economic loss rule. Finally, Plaintiff has not pleaded any of the elements required to establish an entitlement to emotional distress damages or punitive damages. Accordingly, the Court should grant judgment on the pleadings in favor of Wells Fargo as to Counts Five, Six, and Seven of the First Amended Complaint.

This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTS

The following facts are alleged in Plaintiff's First Amended Complaint.[1] At some unspecified time, Midland notified Ms. Rodriguez that her mortgage payments were in arrears and that her loan was in default. (FAC at ¶ 10.) Ms. Rodriguez contacted Wells Fargo about obtaining a reverse mortgage. (FAC at ¶ 12.) During a meeting between the parties, it was discussed that some of the funds from that reverse mortgage would be used to pay Midland to cure the default. (*Id*.) Wells Fargo assured Ms. Rodriguez that she qualified for the loan. (FAC at ¶ 14.) Ms. Rodriguez was later evicted from her home after a Trustee's Sale by Midland. (FAC at ¶¶ 16-19.)

In the First Amended Complaint, Ms. Rodriguez never alleges that Wells Fargo approved her loan, or that the loan was funded at all. She does not allege that she made Wells Fargo representatives aware of the fact that Midland was conducting a Trustee's Sale. She does not allege any facts suggesting that Wells Fargo failed to take necessary steps to approve the loan. In other words, Ms. Rodriguez does not plead any facts

---

[1] "Rule 12(c) and 12(b) motions are 'functionally identical' and, therefore, the same standards are generally applicable to Rule 12(c) motions as are applicable to Rule 12(b) motions." *Robinson v. Fred Meyers Stores, Inc.,* 252 F. Supp.2d 905, 909 n. 2 (D.Ariz. 2002). Accordingly, for purposes of this Motion only, Wells Fargo assumes that the allegations in the First Amended Complaint are true.

2

demonstrating that Wells Fargo had any duty to Ms. Rodriguez, or that it acted negligently in any way.

## II. ARGUMENT

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is warranted where, taking the material facts in the complaint as true and in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *See Doleman v. Meiji Mutual Life Ins. Co.,* 727 F.2d 1480, 1482 (9th Cir. 1984); *Austad v. U.S.*, 386 F.2d 147, 149 (9th Cir. 1967). Although Fed. R. Civ. P. 12(c) does not expressly provide for partial judgment on the pleadings, courts often employ Rule 12(c) to dismiss individual causes of action. *See Moran v. Peralta Community College Dist.,* 825 F.Supp. 891, 893 (N.D. Cal. 1993); *Strigliabotti v. Franklin Resources, Inc.*, 398 F.Supp.2d 1094, 1097 (N.D. Cal. 2005); *Curry v. Baca*, 497 F.Supp.2d 1128, 1130 (C.D. Cal. 2007).

Here, based on the pleadings, Plaintiff cannot demonstrate an entitlement to any of the relief sought against Wells Fargo. She does not allege and cannot show that Wells Fargo had any duty towards her, or that Wells Fargo acted in bad faith. She does not allege and cannot show that Wells Fargo made any promise or representation. She has not pleaded any of the elements of emotional distress damages or punitive damages. Accordingly, each of her claims against Wells Fargo fails as a matter of law and judgment on the pleadings pursuant to Rule 12(c) is appropriate.

### A. Plaintiff's Negligence Claim Fails as a Matter of Law.

In order to hold Wells Fargo liable for negligence, Plaintiff must first prove that Wells Fargo had a duty towards her. Plaintiff alleges that she "contracted with Wells Fargo to obtain a reverse mortgage . . . ." (FAC at ¶ 31.) Because Ms. Rodriguez never alleges that the loan application was approved, she apparently believes that the loan application alone constitutes the contract in question. But, in similar circumstances, this Court has held that simply applying for a loan does create any duty to the applicant: "The

3

loan could have been denied or not immediately funded. [Plaintiffs'] apparent attempt to 'equate loan eligibility with loan entitlement' . . . simply does not make [plaintiffs] legally entitled to rely on their expectations of an approved loan." *Renteria v. United States*, 452 F.Supp.2d 910, 916 (D. Ariz. 2006) (quoting *Helgeson v. Bureau of Indian Affairs*, 153 F.3d 1000, 1004 (9th Cir. 1998)). In other words, Plaintiff may have been qualified for the loan she was seeking, but this alone did not create any kind of duty on Wells Fargo's behalf to provide her with that loan. Short of an actual loan agreement, Wells Fargo had no legal duty to approve or fund the loan. And absent an allegation establishing a legal duty, Plaintiff's negligence claim fails as a matter of law.

Similarly, Plaintiff baldly alleges that "Wells Fargo acted negligently, careless and in bad faith in processing the reverse mortgage for Plaintiff . . . ." (FAC at ¶ 32.) But Plaintiff does not plead any ***facts*** showing that Wells Fargo acted carelessly in any way. In dismissing a complaint that alleged only conclusory allegations, the United States Supreme Court discussed the difference between mere conclusory allegations and the factual allegations necessary to survive a motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955, 1973 (2007). The United States Supreme Court held that even under the liberal notice pleading rules, a "plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Thus, if a complaint fails to show on its face that relief is plausible based on the ***facts*** plead, the complaint should be dismissed. *See id.* This is because "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (citations and internal quotations omitted).

Furthermore, Plaintiff's bad faith claim is essentially nothing more than a claim for the breach of the implied covenant—a claim requiring a contractual relationship. Again, Plaintiff fails to plead the required elements for a bad faith tort claim. Notably, the breach of contractual covenants ordinarily sounds in contract, not in tort. *See Rawlings v.*

4

*Apodaca*, 151 Ariz. 149, 163 (1986). In "special" contractual situations, however, a breach of the implied covenant of good faith and fair dealing may provide the basis for a tort claim. *See id.* at 158. Such tort claims, commonly referred to under the name "bad faith," are well established "in actions brought on insurance contracts *but only reluctantly extended to other relationships.*" *Id.* (emphasis added); *see also id.* at 160, n.6.

Arizona courts have repeatedly held that a tort claim for bad faith exists only in "contracts in which there is a special relationship between the parties arising from elements of public interest, adhesion, or fiduciary responsibility." *See Burkons v. Ticor Title Ins. Co. of California*, 168 Ariz. 345, 355 (1991). Thus, tort damages for breach of contract are available only when the parties contract "for something more than commercial advantage, such as the procurement of service, professional help, security, or other intangibles." *Id.* at 345. The *Rawlings* Court cited the following examples of instances where the tort claim may be appropriate: common carriers, innkeeper and guest, physician and patient, and attorney and client.[2] *See Rawlings,* 151 Ariz. at 160. On the other hand, the Arizona Court of Appeals has specifically found that banks and their customers do not have a special relationship. *McAlister v. Citibank*, 171 Ariz. 207, 213 n.3, 829 P.2d 1253, 1259 (App. 1992). Accordingly, in this case, Plaintiff cannot allege a tort claim of bad faith—she is limited to a contractual claim of breach of the implied covenant of good faith and fair dealing.

Finally, because Plaintiff alleges that Wells Fargo's duty to her arose out of contract, her negligence claim fails under the economic loss rule. Under Arizona law, the economic loss rule precludes a plaintiff from recovering in tort when the underlying relationship between the parties is contractual in nature and the claimant seeks only to recover economic damages. *See, e.g., Apollo Group, Inc. v. Avnet, Inc.,* 58 F.3d 477, 479-480 (9th Cir. 1995) (applying Arizona law); *In re Jackson National Life Ins. Co. Premium*

---

[2] The *Rawlings* Court also noted that deterrence was an important factor in determining whether or not tort claims for breach of the implied covenant of good faith and fair dealing should be allowed; in those cases where contractual damages fail to provide a substantial deterrence to a breach by the party deriving a commercial benefit from the relationship, the Courts have noted tort damages may be more appropriate. *Id.*

*Litigation,* 107 F.Supp.2d 841, 861-863 (W.D. Mich. 2000) (holding that under Arizona law, the economic loss rule bars a negligent misrepresentation claim relating to an insurance contract) (*citing Southwest Pet Products, Inc. v. Koch Industries, Inc.*, 89 F.Supp.2d 1115, 1126 (D. Ariz. 2000)); *see also Salt River Project Agricultural Improvement and Power District v. Westinghouse Electric Corp.,* 143 Ariz. 368, 694 P.2d 198 (Ariz. 1984). Instead, "the claimant is limited to recovery under the law of contract." *Apollo*, 58 F.3d at 479. "Where economic loss . . . is the plaintiff's only loss, the policies of the law generally will be best served by leaving the parties to their commercial [*i.e.*, contractual] remedies." *Salt River Project*, 143 Ariz. at 379, 694 P.2d at 209.

For all of the above stated reasons, the Court should dismiss Plaintiff's Count Five for Negligence against Wells Fargo.

### B. Plaintiff Cannot Prove Her Estoppel Claim.

Plaintiff asserts a claim for promissory estoppel in the alternative. "The elements of promissory estoppel are a promise, which the promissor should reasonably foresee would cause the promisee to rely, upon which the promisee actually relies to his detriment." *Contempo Const. Co. v. Mountain States Tel. & Tel. Co*., 153 Ariz. 279, 282, 736 P.2d 13, 16 (App. 1987). Here, Plaintiff fails to plead any promise that Wells Fargo made to her. In paragraph 15, Plaintiff alleges only that Wells Fargo informed her she was qualified for the reverse mortgage and that it would make payment to Midland for the delinquent payments. (FAC at ¶ 15.) In Paragraph 35, Plaintiff makes the conclusory allegation that this statement constituted a "promise to save [Plaintiff's] house from trustee's sale or foreclosure." ***But Plaintiff never alleges that the loan was approved or that Wells Fargo made any promises to her regarding funding of the loan or approval***. And nothing in the loan documents provides any assurances that Wells Fargo would prevent Midland from foreclosing on its interests in the property. Simply put, Plaintiff has not pleaded any promise whatsoever (likely because no promise was ever made). Accordingly, Plaintiff's claim for promissory estoppel must fail.

Furthermore, as shown above, under Arizona law, "[t]he loan could have been denied or not immediately funded. [Plaintiffs'] apparent attempt to 'equate loan eligibility with loan entitlement' . . . simply does not make [plaintiffs] legally entitled to rely on their expectations of an approved loan." *Renteria*, 452 F.Supp.2d at 916 (quoting *Helgeson*, 153 F.3d at 1004). Until Plaintiffs actually obtained the loan—as opposed to learning that she was qualified for the loan—she could not reasonably rely on any statements stemming from the loan application process. *See, e.g., Staheli v. Kauffman,* 122 Ariz. 380, 383, 595 P.2d 172, 175 (1979). Notably, Plaintiff failed to plead any change in position or reliance on the alleged promise. Instead, simply going by Plaintiff's own allegations, she apparently applied for the loan and then did nothing. As a matter of law, Plaintiff cannot prove reliance, let alone detrimental reliance.

**C.     The Claim for Negligent Misrepresentation Fails as a Matter of Law.**

Plaintiff also seeks money damages for allegedly negligent misrepresentations of Wells Fargo. Negligent misrepresentation arises where (1) defendant provided plaintiff with false information, (2) intending that plaintiff would rely on the information and providing the information for that purpose, (3) defendant failed to exercise reasonable care or competence in obtaining or communicating the information, (4) plaintiff relied on the information; (5) such reliance was justified, and (6) plaintiff was damaged as a result. *St. Joseph Hosp. and Medical Center v. Reserve Life Ins. Co*., 154 Ariz. 307, 742 P. 2d 808 (1987); RESTATEMENT (SECOND) TORTS § 552(1) (1977).

As stated above, even according to Plaintiff's own complaint, Wells Fargo did not make any promise or representation regarding the approval or funding of the loan. In the context of fraud, however, the law also holds that in order for a representation to be actionable, it must relate to either a past or existing fact. *Staheli v. Kauffman*, 122 Ariz. 380, 383, 595 P.2d 172, 175 (1979); *Waddell v. White*, 56 Ariz. 420, 428, 108 P.2d 565 (1940). In particular, fraud "cannot be predicated upon the mere expression of an opinion or upon representations in regard to matters of estimate or judgment." *Law v. Sidney*, 47 Ariz. 1, 4, 53 P.2d 64, 66 (1936) (emphasis added); *see also Waddell*, 56 Ariz. at 428, 108

7

P.2d at 573 (upholding jury instruction which stated that false representations must be a matter of fact and cannot be predicated on "representations in regard to matters of estimate or judgment").[3] Here, whether Wells Fargo could "save [Plaintiff's] house from trustee's sale" is not a past or existing fact. It is necessarily an opinion as to events in the future. And as a result, it simply cannot form the basis for a claim for negligent misrepresentation.

Finally, like her negligence claim, Plaintiff's negligent misrepresentation claim is subject to the economic loss rule. Plaintiff has alleged that her relationship with Wells Fargo is one governed by contract. Though Wells Fargo denies a contract exists, under the operative pleadings, the economic loss rule precludes Plaintiff from recovering in tort when the underlying relationship between the parties is contractual in nature and the claimant seeks only to recover economic damages. Notably, the economic loss rule is frequently invoked in negligent misrepresentation cases. *See, e.g., Apollo Group, Inc.,* 58 F.3d at 479-480; *In re Jackson National Life Ins. Co. Premium Litigation,* 107 F.Supp.2d at 861-863 (applying Arizona law). For this reason as well, the Court should dismiss Plaintiff's claim against Wells Fargo for negligent misrepresentation.

### D. Plaintiff Has Not Pleaded Emotional Damages.

In Counts Five and Seven, Plaintiff seeks emotional damages. (*See* FAC at ¶¶ 33 and 41.) But Plaintiff failed to plead any facts to support this claim. Plaintiff has not even pleaded that she has suffered any emotional distress. Instead, she simply seeks damages related to this unspecified emotional distress. Clearly, Plaintiff has not met the standard for establishing any entitlement to emotional distress damages. As stated above, a "plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

---

[3] A more recent Arizona Supreme Court case has noted that *Waddell* "reflects the current state of the law" on what constitutes a fraudulent representation. *Walters v. First Federal Sav. and Loan Ass'n of Phoenix,* 131 Ariz. 321, 325, 641 P.2d 235, 239 (1982).

In addition, Arizona law holds that a party can recover damages for emotional distress arising from the tortious loss of property only if the emotional distress is ***unrelated*** to the pecuniary loss. *See Reed v. Mitchell & Timbanard, P.C.*, 183 Ariz. 313, 318-19, 903 P.2d 621, 626-27 (App. 1995). According to her own pleading, all of Plaintiff's allegations relate only to pecuniary losses. Indeed, Plaintiff provided no additional facts to support her emotional distress claim. Given this, the Court should dismiss Plaintiff's asserted remedy for emotional distress damages pursuant to Rule 12(c).

### E. Plaintiff Cannot Establish Punitive Damages.

Finally, Plaintiff seeks punitive damages against Wells Fargo. (*See* FAC at p. 7.) In Arizona, punitive damages require conduct "over and above the 'mere commission of a tort." *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 330, 723 P.2d 675, 679 (1986) (quoting *Rawlings v. Apodaca*, 151 Ariz. 149, 162, 726 P.2d 565, 578 (1986)). Punitive damages are an "extraordinary" civil remedy that is limited to cases where a defendant's conduct falls into "limited classes of consciously malicious or outrageous acts of misconduct where punishment and deterrence is both paramount and likely to be achieved." *Linthicum,* 150 Ariz. at 331, 723 P.2d at 680. Indeed, punitive damages are awarded only "in the most egregious of cases," *id.* at 332; they are "not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence." *Echols v. Beauty Built Homes, Inc*., 132 Ariz. 498, 647 P.2d 629 (1982) (citing RESTATEMENT (SECOND) OF TORTS § 908 cmt. b. (1979)).

Here, Plaintiff has asserted two counts for negligence against Wells Fargo. Under Arizona law, neither of these claims is sufficient to support the extraordinary remedy of punitive damages. *See Volz v. Coleman Co., Inc.*, 155 Ariz. 567, 570, 748 P.2d 1191, 1194 (1987) ("This court has expressly rejected awarding punitive damages based on gross negligence or mere reckless disregard of the circumstances"); *Hudgins v. Southwest Airlines, Co.*, 221 Ariz. 472, 487, 212 P.3d 810, 825 (App. 2009) (same). In addition, Plaintiff must show both that Wells Fargo acted with an evil mind and evil conduct. *Linthicum,* at 331, 723 P.2d at 680. Notably, Plaintiff must demonstrate the justification

for punitive damages by clear and convincing evidence. *Linthicum,* at 332, 723 P.2d at 681. Plaintiff has not pleaded *any* facts supporting a contention that Wells Fargo acted with either an evil mind or evil conduct. Simply put, Plaintiff cannot establish that she is entitled to this extraordinary remedy. Plaintiff's punitive damages claim against Wells Fargo fails as a matter of law and dismissal is appropriate.

## III.   CONCLUSION

Even taking all of the allegations in the First Amended Complaint as true, Plaintiff cannot establish her claims against Wells Fargo as a matter of law. Plaintiff cannot show that Wells Fargo had any duty to Plaintiff, cannot allege any promise or representation Wells Fargo made to Plaintiff, and does not and cannot allege any reliance. In addition, Plaintiff's negligence and negligent misrepresentation claims are barred by the economic loss rule. Finally, Plaintiff cannot prove her claims for emotional distress damages and punitive damages. The Court should grant judgment on the pleadings in favor of Wells Fargo as to Counts Five, Six, and Seven.

RESPECTFULLY SUBMITTED this 6th day of July, 2010.

KERCSMAR & FELTUS PLLC

*s/ Geoffrey S. Kercsmar*
Geoffrey S. Kercsmar
Jenessa G. B. Coccaro
KERCSMAR & FELTUS PLLC
6263 N. Scottsdale Road, Suite 320
Scottsdale, Arizona 85250

Attorneys for Defendant Wells Fargo Bank, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2010, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notices of Electronic Filing to the following CM/ECF registrants:

Joseph W. Charles, Esq.
Joseph W. Charles, P.C.
5704 W. Palmaire Ave.
Glendale, AZ 85301
attyjcharles@joecharles.com
Attorney for Plaintiff

Paul M. Levine, Esq.
Matthew Silverman, Esq.
McCarthy Holthus Levine
3636 N. Central Ave., Suite 1050
Phoenix, AZ 85012
plevine@mhlevine.com
msilverman@mhlevine.com
Attorneys for Defendants
Midfirst Bank and Midland Mortgage Co.


 *s/ Carrie Bachrach*