**JOSEPH W. CHARLES, P.C.**
**5704 West Palmaire Avenue**
**P.O. Box 1737**
**Glendale, Arizona 85311-1737**
**Tel: (623) 939-6546**
**Fax: (623) 939-6718**

LawOffice@joecharles.com
JOSEPH W. CHARLES
State Bar No. 003038

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re the Matter of:<br>**MARTHA RODRIGUEZ,** a single woman,<br><br>                              Plaintiff,<br>vs.<br><br>**QUALITY LOAN SERVICE CORP.** a California corporation licensed to do business in the State of Arizona, **MIDFIRST BANK** a nationally chartered bank, and their subsidiary **MIDLAND MORTGAGE COMPANY**, an Oklahoma Corporation licensed to do business in the State of Arizona, **WELLS FARGO BANK, N.A.,** a national banking association licensed to do business in the State of Arizona. **TRES AMIGOS PROPERTIES LLC**, an Arizona limited liability company, **XYZ CORPORATIONS 1-10**, **JOHN and JANE DOES 1-10**, **BLACK PARTNERSHIPS 1-10**<br>                              Defendants. | Case No.  CV-09-01853-PHX-FJM<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS MIDFIRST BANK AND MIDLAND MORTGAGE COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT RE COUNT I**<br><br>(Assigned to the Honorable Frederick J. Martone)<br><br>**(ORAL ARGUMENT REQUESTED)** |

Comes now the Plaintiff, Martha Rodriguez, by and through counsel undersigned, and respectfully requests the court to deny Defendants MidFirst Bank and Midland Mortgage Company's Motion for Summary Judgment on the grounds

1

that there are material facts in dispute, and the case is not yet ripe for dispositive motions.

This Response is based upon the following Memorandum of Points and Authorities and attached Statement of Facts.

**RESPECTFULLY SUBMITTED** this 30th day of July, 2010.

                        **JOSEPH W. CHARLES, P.C.**

                        By:   \_\_/s/\_\_Joseph\_Charles\_\_\_\_
                              **JOSEPH W. CHARLES**
                              Attorney for Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.     Introduction**

This Motion comes before this Court as a follow up to a Motion that has already been rules upon.  On April 13th, 2010, this Court granted the Movants' Motion as to all Counts except Count I.  The order stated in relevant part, "At this stage of the proceedings, it is unclear as to who was the beneficiary and holder of the note under the deed of trust at the time of the trustee's sale. This issue can be clarified through discovery."  Now the Movants' are reasserting their position with the added declaration of an employee.  However, the Court did not reject the original Motion because it lacked the declaration that is now included, but rather the Court denied this portion of the Motion because Plaintiff was ill prepared to properly defend her position.

Plaintiff disagrees with the Movants' third paragraph in their statement of facts. (Plaintiff's Statement of Facts ¶ 3). The declaration in support of paragraph 3 appears to be testimony as to a pattern or practice of the company rather than personal knowledge based on physical observations. If the Note in question has been found and indentified, Movants' need only demonstrate their possession of the Note to be dismissed by Plaintiff.

Plaintiff requires additional time and discovery before an order granting this Motion is appropriate. Plaintiff has filed or will file a motion to produce the Note in question. Plaintiff is also in discussions with Wells Fargo for the depositions that are necessary. Plaintiff needs the time afforded by Federal Rules of Civil Procedure 56(f) in order to mount a proper argument.

**2.    Argument.**

**A.  Summary judgment standard.**

Arizona law requires that two (2) prerequisites be met before a Motion for Summary Judgment may be granted. First, the entire record must reveal that no genuine dispute exists as to any material fact and that only one (1) inference can be drawn from the undisputed material facts; and second, based upon the undisputed material facts, the moving party is entitled to judgment as a matter of law. Rule 56(c), Ariz. R. Civ. P.; Orme School v. Reeves, 166 Ariz. 31, 802 P.2d 1000 (1990); Nicoletti v. Westcor, Inc., 131 Ariz. 140, 639 P.2d 330 (1982).

**B.  There are material facts in dispute.**

Plaintiff believes that Movants are not the true holders of the Note. Movants have not, as of this date, made the Note available for inspection. Movant's

employee has not testified that he visually verified the ownership of the note. As such, Summary judgment is inappropriate.

### C. The motion is not yet ripe to rule upon because Plaintiff has not received discovery from Wells Fargo.

Plaintiff has now received the disclosure from Wells Fargo and Movants, but discovery is ongoing. The Federal Rules of Civil Procedure state, "[t]he judgment sought should be rendered if the pleadings, **the discovery and disclosure materials on file**, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c)2 (emphasis added). The Supreme Court of the United States has stated that "[i]n our view, the plain language of Rule 56(c) mandates the entry of summary judgment, **after adequate time for discovery** and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." _Celotex Corp. v. Catrett_, 477 U.S. 317, 322 (U.S. 1986) (emphasis added).

### D. Statutory Trustee's Sale provisions.

Movants cite the statutory rules and case law pertaining to Trustee's Sales. Plaintiff does not dispute the statute or the opinions, but Movants misread both. The case cited certainly does stand for the rule that presentation of the note is not required before conducting a Trustee's Sale, but this is not a case about preventing an impending sale. This is a case that seeks damages from a sale that has already happened. Likewise the statutes Movant cites are appropriate, but the Movants redirect the Court's attention away from the most important language. The statute

says, "A trustee's deed shall constitute conclusive evidence of the meeting of those requirements <u>in favor of purchasers</u> or encumbrancers for value and without actual notice." A.R.S. ¶ 33-811(B) (emphasis added).  This language makes it clear that the point of the statute was to protect bona fide purchasers, not parties who conducted the sale wrongfully.

**3. Conclusion.**

Summary judgment is inappropriate at this early stage because the parties dispute whether Movants actually holds the Note.  Furthermore, Plaintiff has not concluded discovery.  The Federal Rules of Civil Procedure and the cases that analyze them make it clear that dispositive motions are favored after a reasonable time for discovery.

**DATED** this 30th Day of July, 2010.

                                            **JOSEPH W. CHARLES, P.C.**

                                            By:     /s/ Joseph W. Charles
                                                   **JOSEPH W. CHARLES**
                                                   *Attorneys for Plaintiff*

ORIGINAL filed this 30th day of July, 2010, with:

Clerk of the Court

COPY of the foregoing mailed this 30th day of July 2010, to:

Paul M. Levine
McCarthy Holthus Levine
3636 North Central Ave., Suite 1050
Phoenix, AZ 85012
Attorneys for Midfirst Bank
and Midland Mortgage Company

Gregory J. Marshall
Anne W. Bishop
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren St.
Phoenix, Arizona 85004-2202

   C. Short