Geoffrey S. Kercsmar (#020528)
Jenessa G. B. Coccaro (#027090)
KERCSMAR & FELTUS PLLC
6263 N. Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
Telephone: (480) 421-1001
gsk@kflawaz.com
jbc@kflawaz.com
Attorneys for Defendant
Wells Fargo Bank, N.A.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MARTHA RODRIGUEZ, a single woman, <br><br> Plaintiff, <br><br> v. <br><br> MIDFIRST BANK, a nationally chartered bank, and their subsidiary MIDLAND MORTGAGE COMPANY, an Oklahoma Corporation licensed to do business in the State of Arizona; WELLS FARGO BANK, N.A., a national banking association licensed to do business in the State of Arizona; XYZ CORPORATIONS 1-10; JOHN AND JANE DOES 1-10; BLACK PARTNERSHIPS 1-10, <br><br> Defendants. | Case No. CV09-1853-PHX-FJM <br><br> **WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> (Assigned to the Hon. Frederick J. Martone) |

Without seeking an extension, communicating with counsel, or explaining to the Court why she failed to file a timely response, Plaintiff filed her Response fourteen days late. Apparently unmoved by Wells Fargo's Request for Summary Disposition, (Dkt. # 59), Plaintiff allowed herself an additional four days to file her Response and ignored Wells Fargo's request entirely. But despite taking a few extra weeks to respond, Plaintiff largely ignores Wells Fargo's legal arguments. She ignores the economic loss rule altogether, which bars her negligence and negligent misrepresentation claims. She

overlooks entirely the fact that in Arizona, punitive damages are not available for negligence claims. And Plaintiff does not address Wells Fargo's argument that under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), she has not sufficiently pleaded her negligence claim to the extent it is based on bad faith and carelessness.

To get around the lack of facts in her complaint, Plaintiff attempts to apply an outdated federal pleading standard. But the United States Supreme Court has expressly rejected this standard. Plaintiff therefore cannot sustain a claim for emotional distress damages merely by asserting—in conclusory fashion—that she suffered them. Plaintiff also pleads *res ipsa loquitur* in hopes that the Court will grant her leniency in her pleading. This doctrine, however, does not cure her pleading deficiencies as to elements of negligence other than causation.

In fact, Plaintiff's own motion demonstrates why her negligent misrepresentation and estoppel claims fail to state a claim upon which relief may be granted. Plaintiff in her Response reveals that her claims are based on the **fact** that Wells Fargo told her it "had the power to fund a reverse mortgage if it so chose." (Resp. at 6:8-9.) This representation is not actionable because it is not a promise on which Plaintiff had a legal right to rely. Telling Plaintiff that Wells Fargo had the power to fund a reverse mortgage is not the same as telling her that Wells Fargo agreed to exercise it in Plaintiff's case. And even Plaintiff acknowledges that Wells Fargo never **accepted** Plaintiff's loan application. Plaintiff's negligent misrepresentation and estoppel claims therefore both fail for this reason as well.

Plaintiff has not demonstrated that any of her claims survives Wells Fargo's 12(c) motion ("Motion"). Accordingly, the Court should grant judgment on the pleadings as to all of Plaintiff's claims against Wells Fargo.

**I.  ARGUMENT**

    **A.  Plaintiff Applies the Wrong Federal Pleading Standard.**

Plaintiff claims that Wells Fargo's Rule 12(c) motion should be denied because "the court should not grant a motion to dismiss unless it appears certain that the plaintiff

would be entitled to no relief under any state of facts which is susceptible of proof under the claim as stated." (Resp. at 4:10-15.)  But this standard was **expressly abrogated** by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in which the Supreme Court "'retire[d]' this language, in favor of a new "plausibility standard.'" 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216 (3d ed.) (citing *Twombly*, 550 U.S. at 546.)  The new standard is more stringent, requiring that "…a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do …. Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555 (citations omitted).  As demonstrated in Wells Fargo's Motion and below, none of Plaintiff's claims satisfy this standard.  Her claims are conclusory, exclude key elements or facts, and plead facts that do not give rise to liability under Arizona law. Wells Fargo is therefore entitled to judgment as a matter of law.

### B.  The Doctrine of *Res Ipsa Loquitur* Does Not Rectify the Pleading Deficiencies in Plaintiff's Negligence Claim.

The only argument Plaintiff makes in defense of her negligence claim is *res ipsa loquitur*.  (*See* Resp. at 5:5-16.)  She tries to justify her deficient pleading by arguing that Wells Fargo has control over facts relating to why it did not fund the loan.  Just because a party claims that *res ipsa loquitur* applies, however, does not mean that it is excused from all pleading obligations relating to that claim.  *Res ipsa loquitur* is a rule of evidence (not pleading) that "permits an inference of negligence to be drawn from a set of proven facts." *Reber v. United States,* 951 F.2d 961, 964 (9th Cir. 1991), *cert. denied*, 503 U.S. 987 (1992).  The Ninth Circuit has emphasized that "*res ipsa loquitur* does not create a presumption that a defendant's negligence caused the injury, rather it is only an inference that the fact-finder may accept or reject in considering the whole of the evidence. *Id.* at 1441. At most, *res ipsa loquitur* relieves Plaintiff of her obligation to plead facts relating to causation; it does not cure pleading deficiencies related to the other elements of negligence.  *See e.g., In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL

4899449 at *3 n. 6 (E.D. La. November 12, 2008) (noting that "[e]ven if the Court were to permit pleading *res ipsa loquitor*, the doctrine would only absolve the Plaintiff of pleading causation" and not other aspects of the claim).

*Res ipsa loquitur* does not cure Plaintiff's failure to plead facts that give rise to duty and breach, neither of which relate to causation. Plaintiff's negligence claim fails because Wells Fargo never accepted her loan application. Plaintiff concedes this fact. (Resp. at 3:13-24.) But the law is clear that no legal duty arises until the parties sign a loan agreement. *See Renteria v. United States*, 452 F.Supp.2d 910, 916 (D. Ariz. 2006). Accordingly, because there is no allegation in the First Amended Complaint ("FAC") that the loan application was signed and approved by Wells Fargo, Plaintiff's negligence claim fails.

This claim also fails as to bad faith and carelessness because Plaintiff did not plead any facts to support these conclusory allegations. Plaintiff does not address these additional deficiencies in her Response, relying entirely on *res ipsa loquitur* to save her claim. It does not. Plaintiff's negligence claim must fail.

### C. The Economic Loss Rule Bars Plaintiff's Negligence and Negligent Misrepresentation Claims.

Plaintiff does not refute that her negligence and negligent misrepresentation claims both fail under the economic loss rule. As discussed in the Motion, because Plaintiff alleges that Wells Fargo's duty to her arose out of a contractual relationship, and because she only seeks economic damages, Plaintiff is barred from recovering such damages under negligence or negligent misrepresentation. *See e.g., Apollo Group, Inc. v. Avnet, Inc.*, 58 F.3d 477, 479-480 (9th Cir. 1995) (applying Arizona law); *In re Jackson National Life Ins. Co. Premium Litig.*, 107 F.Supp.2d 841, 861-863 (W.D. Mich. 2000) (citing *Southwest Pet Products, Inc. v. Koch Industries, Inc*., 89 F.Supp.2d 1115, 1126 (D. Ariz. 2000); *see also Salt River Project Agricultural Improvement and Power District v. Westinghouse Electric Corp*., 143 Ariz. 368, 694 P.2d 198 (Ariz. 1984). Wells Fargo is therefore entitled to judgment on the pleadings as to both claims.

4

### D. Plaintiff's Negligent Misrepresentation Claim Also Fails Because Plaintiff Admits That Wells Fargo Did Not Promise To Fund a Reverse Mortgage For Her.

In defense of her negligent misrepresentation claim, Plaintiff argues that the alleged misrepresentation did "relate to a past or existing fact" because "it is a fact that [Wells Fargo has] the power to fund a reverse mortgage if they so choose." (Resp. at 6:8-9.) But allegedly telling Plaintiff that Wells Fargo had the power to fund a reverse mortgage is different than telling her Wells Fargo approved her loan application or would actually fund a reverse mortgage for her. The mere fact that a bank tells its potential customers that it has money to lend and can fund loans if it so chooses (and thereby can stop a trustee's sale) does not create a legal duty to fund all loans. All banks advertise their ability to fund loans; those advertisements are not misrepresentations to anyone who is ultimately denied a loan.

Moreover, this alleged representation does not give rise to liability because it is merely an opinion about a **future** event, not a fact relating to a past or existing fact. *See Staheli v. Kauffman*, 122 Ariz. 380, 383, 595 P.2d 172, 175 (1979). Plaintiff complains that Wells Fargo's argument is just a matter of semantics, but Plaintiff cannot avoid the fact that only certain types of statements give rise to liability. *See id.*; *Waddell v. White*, 56 Ariz. 420, 428, 108 P.2d 565 (1940). Indeed, it is settled Arizona law that a fraud or negligent misrepresentation claim "cannot be predicated on unfulfilled promises, expressions of intention or statements concerning future events unless such were made with the present intention not to perform. Were the general rule otherwise, every breach of contract could be made the basis of an action in tort for fraud." *Staheli*, 122 Ariz. at 383. (citations omitted). By clarifying that her negligent misrepresentation claim is based an alleged representation that Wells Fargo had the power to fund a reverse mortgage, Plaintiff demonstrates that she has not pleaded a claim that gives rise to an entitlement to relief under Arizona law.

Plaintiff's second argument—that Wells Fargo made a promise to Plaintiff—also fails. The alleged representation was merely an explanation of the services that Wells

5

Fargo offers. It was, in essence, an advertisement—not a promise to exercise those powers in Plaintiff's case. Plaintiff's claim also fails because she did not plead "promise" as an element of negligent misrepresentation. (*See* FAC ¶¶ 37-41.) Realizing her error, Plaintiff attempts to salvage her claim by arguing that "the totality of the Complaint makes it clear that Plaintiff was promised that Wells Fargo would fix her delinquency issues." (Resp. at 6:2-4.) But under Rule 8(a), a party must, at a minimum, plead the elements of its claim; it cannot survive a motion to dismiss by arguing that its claims are all generally stated in the complaint as a "totality." *See Twombly*, 550 U.S. at 555 (emphasizing that "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (citation omitted).

### E.   Plaintiff's Estoppel Claim Similarly Fails.

Plaintiff's estoppel claim fails for the same reasons. As stated above, Wells Fargo did not promise that it would fund her reverse mortgage, and Plaintiff did not plead that Wells Fargo made this promise. Moreover, Plaintiff fails to address the fact that under prevailing law, she did not have a legal right to rely upon receiving the loan because her loan was not approved. *See Renteria,* 452 F.Supp.2d at 916. Neither the fact that Plaintiff was qualified for the loan, nor the allegation that Wells Fargo told her that it had the "power" to fund the loan, give rise to such a right. Wells Fargo is therefore entitled to judgment as a matter of law on this claim as well.

### F.   Plaintiff Failed to Plead Emotional Distress Damages.

Plaintiff claims that her conclusory allegation that she suffered emotional distress damages is sufficient to satisfy Rule 8(a). (Resp. at 6:14-21; *see* FAC ¶¶ 33, 41.) It is not. When seeking emotional distress damages, a party must allege the basis for the alleged damages. *See e.g., Malone v. Buber*, No. C07-2046RSL, 2009 WL 1044586, at *5 (W.D. Wash. April 16, 2009); *see also Twombly*, 550 U.S. at 555. In Arizona, emotional distress damages in are only available in negligence actions where the emotional distress manifests as a physical injury, or where there is outrageous conduct, intentional infliction

of emotional distress, or allegations of bad faith. *Deno v. Transamerica Title Ins. Co.,* 126 Ariz. 527, 529-30, 617 P.2d 35, 37-38 (App. 1980). A plaintiff must allege facts relating to the emotional distress that was suffered and the resulting physical injury, or facts that would support an intentional or bad faith claim. Plaintiff did not plead **any** facts to support her claim for emotional distress damages, and so she is not entitled to seek these damages.

Plaintiff also fails to address Wells Fargo's second argument against emotional distress damages, namely, that her claim fails because the Plaintiff's allegations all relate solely to pecuniary loss. Because a party may only recover emotional distress damages that are unrelated to pecuniary loss, *see Ress v. Mitchell & Timbanard, P.C.*, 183 Ariz. 313, 318-19, 903 P.2d 621, 626-27 (App. 1995), and because Plaintiff does not dispute that her allegations all relate to pecuniary loss, Plaintiff's claim for emotional distress damages fails for this reason as well.

### G. Plaintiff's Claims Do Not Give Rise to Punitive Damages.

Plaintiff simply ignores Wells Fargo's argument that punitive damages are not available for negligence, arguing instead that Plaintiff's unfortunate circumstances entitled her to punitive damages. (Resp. at 6:22-7:2.) As a matter of law, however, punitive damages are only available for certain claims in Arizona. Those claims do not include negligence or promissory estoppel, the only claims Plaintiff has alleged. *See Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 647 P.2d 629 (1982 (citing RESTATEMENT (SECOND) TORTS § 908 cmt. b (1979) (stating that punitive damages are "not awarded for mere inadvertence, mistake, errors of judgment, and the like, which constitute ordinary negligence"); *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 330, 723 P.2d 675, 679 (1986) (holding that punitive damages require conduct "over and above the 'mere commission of a tort'"); *Voltz v. Coleman Co., Inc.*, 155 Ariz. 567, 570, 748 P.2d 1191, 1194 (1987) ("This court has expressly rejected awarding punitive damages based on gross negligence or mere reckless disregard of the circumstances."); *Hudgins v. Southwest Airlines, Co.*, 221 Ariz. 472, 487, 212 P.3d 810, 825 (App. 2009) (same). Plaintiff has

also not pleaded any facts to suggest that Wells Fargo acted with an evil mind or engaged in evil conduct. Absent these, Plaintiff's punitive damages claim must be dismissed.

### III. CONCLUSION

This is nothing more than a simple contract case, albeit one where no contract was actually formed. Because no loan documents were signed, Plaintiff was not able in good faith to file a breach of contract claim against Wells Fargo. So Plaintiff instead sued Wells Fargo in tort. But absent an agreement, no duty existed obligating Wells Fargo to fund Plaintiff's reverse mortgage. Even taking all of the allegations in the FAC as true, Plaintiff cannot establish her claims against Wells Fargo as a matter of law. For these reasons, the Court should grant judgment on the pleadings in favor of Wells Fargo as to Counts Five, Six, and Seven.

RESPECTFULLY SUBMITTED this 16th day of August, 2010.

KERCSMAR & FELTUS PLLC

*s/ Jenessa Coccaro*
Geoffrey S. Kercsmar
Jenessa G. B. Coccaro
KERCSMAR & FELTUS PLLC
6263 N. Scottsdale Road, Suite 320
Scottsdale, Arizona 85250

Attorneys for Defendant Wells Fargo Bank, N.A.

Kercsmar & Feltus PLLC
6263 N. Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2010, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notices of Electronic Filing to the following CM/ECF registrants:

Joseph W. Charles, Esq.
Joseph W. Charles, P.C.
5704 W. Palmaire Ave.
Glendale, AZ 85301
attyjcharles@joecharles.com
Attorney for Plaintiff

Paul M. Levine, Esq.
Matthew Silverman, Esq.
McCarthy Holthus Levine
3636 N. Central Ave., Suite 1050
Phoenix, AZ 85012
plevine@mhlevine.com
msilverman@mhlevine.com
Attorneys for Defendants
Midfirst Bank and Midland Mortgage Co.


 *s/ Carrie Bachrach*