**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Martha Rodriguez,            )<br>                                              )<br>         Plaintiff,             )<br>                                              )<br>vs.                                          )<br>                                              )<br>Quality Loan Service Corp., et al.,  )<br>                                              )<br>         Defendants.        )<br>_____) | No. CV-09-1853-PHX-FJM<br><br>**ORDER** |

We have before us defendants Midfirst Bank and Midland Mortgage Company's motion for summary judgment on count 1 of the amended complaint (doc. 53) and plaintiff's response (doc. 57). We also have defendant Wells Fargo Bank's motion for judgment on the pleadings (doc. 55), Wells Fargo's request for summary disposition (doc. 59), plaintiff's belated response (doc. 60), and Wells Fargo's reply (doc. 61).

Plaintiff owned real property which she used as her primary residence in Phoenix. When she defaulted on her loan, she contacted Wells Fargo to negotiate "reverse mortgage" financing. She alleges that she "complied with all requests of Wells Fargo to obtain the reverse mortgage." First Amended Complaint ("FAC") ¶ 13. She was "assured" by Wells Fargo that she qualified for the loan and "that Wells Fargo would make payment to Midland for the delinquent payments from proceeds of the reverse mortgage." FAC ¶¶ 14-15. Despite "Wells Fargo's promise to save her house from trustee's sale or foreclosure," FAC

¶ 35, on June 30, 2009, the property was sold at a trustee's sale to an unrelated third party.

## I. Midfirst Bank and Midland Mortgage

Defendants Midfirst Bank and Midland Mortgage argue that count 1 of the amended complaint–the only count remaining against these defendants–should be dismissed. Count 1, entitled "Lack of Standing by Midland," alleges that Midland was not the holder of the underlying note secured by the deed of trust and therefore did not have standing to conduct the trustee's sale.

Courts have consistently rejected the "show me the Note" argument as a means to avoid foreclosure. See Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) and cases cited therein. Plaintiff acknowledges that the law does not require presentation of the original note in order to commence foreclosure. Response at 4. We reject her attempt to circumvent this rule by arguing that defendants must present the Note post-foreclosure in order to prove the propriety of the sale and avoid a claim for damages. Arizona's non-judicial foreclosure statute does not require presentation of the original Note in order to conduct a non-judicial foreclosure. A.R.S. § 33-807. Accordingly, count 1 of plaintiff's complaint fails to state a claim upon which relief can be granted.

## II. Wells Fargo

Plaintiff alleges that after she defaulted on her loan, she contacted Wells Fargo and discussed the possibility of obtaining a reverse mortgage. She apparently completed a loan application and claims that she was told that she qualified for the loan, and that some of the funds from the reverse mortgage would be used to pay Midland Mortgage in order to cure the default. Plaintiff does not allege that the loan application was approved or that the loan was ever funded. She was later evicted from her house after a trustee's sale by Midland. Plaintiff now asserts claims of negligence (count 5), promissory estoppel (count 6), and negligent misrepresentation (count 7) against Wells Fargo. Wells Fargo moves for judgment on the pleadings with respect to each of the three counts pursuant to Rule 12(c), Fed. R. Civ. P.

**A**

Wells Fargo first moves to dismiss plaintiff's negligence claim, contending that it owed no duty to plaintiff and further that the negligence claim is foreclosed by the economic loss rule. Plaintiff alleges in count 5 of the complaint that she "contracted with Wells Fargo to obtain a reverse mortgage" and as a result "Wells Fargo owed a duty to Plaintiff to act in good faith to secure funding for the reverse mortgage and disburse funds." FAC ¶ 31. She alleges that "Wells Fargo acted negligently, carelessly and in bad faith in processing the reverse mortgage." FAC ¶ 32. Wells Fargo disputes that a contract existed between the parties, asserting instead that plaintiff only submitted a loan application. Regardless of whether a contract existed, however, we conclude that plaintiff's negligence claim fails.

Under the economic loss rule, in certain circumstances, a contracting party is limited to "contractual remedies for the recovery of economic losses unaccompanied by physical injury to persons or other property." Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc., 223 Ariz. 320, ____, 223 P.3d 664, 667 (2010). While this is not a products case or a construction defect case, the doctrine sensibly applies to lender/borrower relationships, the essence of which is contractual. Therefore, if a contract existed between the parties, plaintiff's negligence claim is barred by the economic loss rule and her remedies are limited to those arising out of the contract.

Plaintiff's negligence claim also fails if there was no contract. In order to maintain a negligence cause of action, plaintiff must prove that the defendant had a duty imposed by law to protect her against some unreasonable risk. Contempo Constr. Co. v. Mountain States Tel. & Tel. Co., 153 Ariz. 279, 282, 736 P.2d 13, 16 (Ct. App. 1987). Plaintiff alleges only that a duty existed by virtue of a contract with Wells Fargo. No other source of a duty is plead. Again, if there was a contract, plaintiff's remedies are limited to those arising from the contract. Because plaintiff has not adequately plead that Wells Fargo owed plaintiff a duty to provide the loan, her negligence claim fails. We grant Wells Fargo's motion for judgment on count 5.

**B**

1     Wells Fargo next moves to dismiss plaintiff's promissory estoppel claim in count 6. Promissory estoppel requires a promise, upon which the promisor should reasonably foresee that the promisee will rely, upon which the promisee actually relied to her detriment. Higginbottom v. State, 203 Ariz. 139, 144, 51 P.3d 972, 977 (Ct. App. 2002). Wells Fargo argues that the promissory estoppel claim fails because plaintiff did not plead that Wells Fargo made any promises. Alternatively, it argues that, if a "promise" was made, plaintiff cannot establish that she reasonably relied on it.

    Plaintiff alleges that Wells Fargo "assured " her that she qualified for the loan and that payments would be made by Wells Fargo to Midland Mortgage for any delinquent payments. FAC ¶¶ 14-15. She alleges that Wells Fargo "promise[d] to save her house from trustee's sale or foreclosure." FAC ¶ 35. Mindful that we must accept as true the allegations in plaintiff's complaint, we conclude that plaintiff's has sufficiently plead that Wells Fargo made a promise. Nevertheless, we also conclude that plaintiff cannot establish that she reasonably relied on these alleged promises. See Higginbottom, 203 Ariz. at 144, 51 P.3d at 977 (holding that plaintiff can only recover under the theory of promissory estoppel if she "had a 'justifiable right to rely' on the alleged promise").

    Plaintiff does not allege that Wells Fargo made any promises regarding funding or loan approval. She alleges only that she was "assured" that she qualified for the loan, and that Wells Fargo would "save her house from a trustee's sale." Under the circumstances presented in plaintiff's complaint, we conclude that plaintiff did not have a legal right to rely upon her expectation that the loan would be approved and funded or that Wells Fargo *could or would* save her house from foreclosure. See Renteria v. United States, 452 F. Supp. 2d 910, 916 (D. Ariz. 2006). Plaintiff's "attempt to 'equate loan eligibility with loan entitlement' simply does not make [plaintiff] legally entitled to rely on [her] expectations of an approved loan." Id. (quoting Helgeson v. Bureau of Indian Affairs, 153 F.3d 1000, 1004 (9th Cir. 1998). Notwithstanding plaintiff's alleged loan eligibility, the loan could nevertheless have been denied or not immediately funded. We conclude that plaintiff cannot

- 4 -

1 establish any right to reasonably rely on the statements stemming from the loan application
2 promise. Accordingly, we grant Wells Fargo's motion for judgment on count 6.

### C

Finally, Wells Fargo moves to dismiss plaintiff's claim for negligent misrepresentation. A plaintiff alleging negligent misrepresentation must prove that the defendant supplied false information to the plaintiff, intending that she would rely on the information, and that she justifiably relied on the misrepresentation, causing damages. McAlister v. Citibank, 171 Ariz. 207, 215, 829 P.2d 1253, 1261 (Ct. App. 1992). "Negligent misrepresentation requires a misrepresentation or omission of a *fact*. A promise of future conduct is not a statement of fact capable of supporting a claim of negligent misrepresentation." Id. (holding that Bank's alleged promise to renew customer's credit line at competitive rates involved promises of future conduct and therefore was not capable of supporting a claim for negligent misrepresentation).

Plaintiff alleges that Wells Fargo promised to advance her a loan and save her house from foreclosure. Accepting plaintiff's allegations as true, these allegations all relate to promises of future conduct and are not statements of a past or existing fact. Thus, we conclude that plaintiff has failed to state a claim for negligent misrepresentation and we grant Wells Fargo's motion for judgment on count 7.

### III

Based on the foregoing, **IT IS ORDERED GRANTING** Midfirst Bank and Midland Mortgage's motion for summary judgment on count 1 (doc. 53). **IT IS FURTHER ORDERED GRANTING** Wells Fargo's motion for judgment on the pleadings (doc. 55) and **DENYING** Wells Fargo's motion for summary disposition (doc. 59).

The clerk is instructed to enter final judgment in favor of all defendants.

DATED this 1st day of September, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge